## FITZGERALD *v.* LA PORTE.

### Opinion delivered December 9, 1899.

TRIAL—VIEW—INSTRUCTION.—In an action to recover for work done in a building under agreement to perform same in a workmanlike manner, an instruction that on a view of the premises the jury were not to base their verdict upon their examination, and that the impressions made upon their minds by such examination do not constitute a part of the evidence in the cause, was properly refused. (Page 265.)

Appeal from Pulaski Circuit Court.

R. J. LEA, Judge.

#### STATEMENT BY THE COURT.

Wm. La Porte agreed with appellants, Edward Fitzgerald and J. F. Callahan to lay the tiling and do the marble work in St. Andrews' Cathedral at Little Rock for a price named, the work to be performed in a "good and workmanlike manner." He performed the work, and brought this action to recover a balance of $284.40, which he claimed as due for the performance of the work. The defense to the action was that the work was not done in accordance with the terms of the contract.

The presiding judge during the progress of the trial sent the jury, in charge of a deputy sheriff, to view the premises, the deputy being directed to show the jury the place where the work was done. Before the jury retired for that purpose, they

were instructed by the presiding judge as follows: "You are to go to the Cathedral, and see the work done by the plaintiff and the place where it was done, to enable you the better to understand the testimony given before you in the case, and to determine what weight shall be given to the testimony, and you are to determine, from the testimony in the whole case and the view you make, whether the work was done in a good and workmanlike manner." This instruction was objected to by defendants, who requested the following instruction: "You are instructed that a view of the work in question is not for the purpose of furnishing evidence upon which to base your verdict, but to enable you better to understand and apply the evidence given in court. And you are instructed not to base your verdict in any degree upon such examination itself, and that the impressions made upon your minds by an examination of the premises do not constitute a part of the evidence in the cause." This request to instruct was refused. There was a verdict for plaintiff for $167, and judgment rendered thereon. The defendants appealed.

*Cockrill & Cockrill*, for appellants.

If there was no substantial compliance, on part of appellee, with his contract, he cannot recover. 64 Ark. 34. It was error for the court to refuse the eleventh declaration of law asked by appellant, touching what would be a substantial compliance with the contract. 31 Ark. 684, 689; 14 Ark. 530. A view is not *evidence*. 26 Cent. Law Journal, 436; 45 *ib.* 51; 45 *ib.* 196; 42 L. R. A. 368, note; 13 Enc. Law, 369; 27 Ia. 503; 52 Ind. 117; 49 Cal. 607; 29 Minn. 41; 59 Wis. 364; 34 W. Va. 466; 84 Ia. 663; 7 Ohio Cir. Ct. 136; 30 Ark. 328, 350.

*Fulk, Fulk & Fulk*, for appellant.

Appellants have, by their conduct, accepted the work. The eleventh instruction asked by appellant, being amply covered by other instructions given, was properly refused. 46 Ark. 152. A view is properly part of the evidence. Whart. Ev. § 346; 71 Ill. 361; 134 Mass. 499; 148 Mass. 407; 137 Ill. 385; 42 L. R. A. 387–393. If the refusal of appellant's instruction on this point was error, it was not prejudicial. 83 Mich. 45. The

testimony being conflicting, the verdict must stand. 50 Ark. 511; 57 Ark. 577.

RIDDICK, J., (after stating the facts.) This case is now before us for the second time. A fuller statement of the facts can be found by reference to the first decision. *Fitzgerald* v. *La Porte*, 64 Ark. 34.

The main contention of appellants in this appeal is that the presiding judge erred in refusing to instruct the jury that the examination of the work and view of the premises by them was not evidence in the case, and that they should not base their verdict in any degree upon such examination. There is considerable conflict in the decisions of the different courts on this point. But we are of the opinion that the view of the premises by the jury is a species of evidence, and must necessarily operate to some extent upon the minds of the jury. The verdict must be supported by other evidence than the view, and a verdict depending upon a view alone could not be upheld, but we do not think the court erred in refusing to tell the jury that they must not base their verdict in any degree upon such an examination. If the jury were not allowed to base their verdict in any degree upon the facts ascertained by the view, there would be little advantage in allowing a view to be made. If that was the rule, a view would be almost certain to prejudice one side or the other; for the jury, after having seen the work itself, could hardly eradicate the impression thereby made upon their minds, so as to render their verdict without reference thereto. The statute permits the view by the jury to enable them better to understand the testimony, and for the reason that it may tend to enlighten their minds with reference to the issues of fact involved in the case. We think it was evidence, to be considered by the jury in connection with other facts in the case. *Benton* v. *State*, 30 Ark. 349; *Tully* v. *Fitchburg R. Co.*, 134 Mass. 503; *Smith* v. *Morse*, 148 Mass. 407; *People* v. *Thorne*, 42 Lawyers' Rep. Ann. 398, note. On this, as well as on other points discussed, we think the charge of the presiding judge was correct. Certain instructions asked by the defendants were refused, but the points involved were substantially covered by other instructions given to the jury.

It is not our province to pass upon the weight of evidence. The evidence was conflicting, and on the whole case we are of the opinion that the judgment should be affirmed.

It is so ordered.

BATTLE, J., absent.