Missouri Pacific Railroad Company, Thompson, Trustee, v. Radley.

4-7788 191 S. W. 2d 467

Opinion delivered January 7, 1946.

*Thomas B. Pryor, Thomas Harper* and *Harrell Harper,* for appellant.

*Howell & Howell,* for appellee.

McHANEY, J. Appellee brought this action against appellants, who are the trustee for the railroad company and its engineer, Perry, to recover damages for personal injuries sustained by her when she was forced to jump from a railroad trestle over Clear Creek, in Crawford county, to avoid being struck by a train. The negligence alleged and relied on is that the engineer failed to keep an efficient lookout, failed to exercise ordinary care in this regard, and that he either discovered the perilous position of appellee or, by the exercise of ordinary care, could have discovered her peril in time to have prevented injury. Appellant's defenses were a general denial, a plea of contributory negligence, and that she was a trespasser.

Trial to a jury resulted in a verdict and judgment for $5,000, from which is this appeal.

The principal assignment of error urged by appellants is that the court erred in refusing to direct a verdict for them. This necessitates a statement and discussion of the facts, which, briefly, are as follows: The train in question was running from Van Buren east to Little Rock, and was making about 65 miles per hour. Between Van Buren and Alma the track crosses Clear Creek, which has two prongs at that point with a space of dry land between, and there is a trestle across each prong. The west bridge, or first bridge coming from Van Buren, is approximately 300 feet long. The east, or second bridge is approximately 260 feet long. Between the two bridges is a dirt fill approximately 200 feet long. As the track approaches the west bridge it makes a curve to the north,

which some of the witnesses describe as a little curve and others as a sharp or bad curve. This curve ends in the west bridge, and from there on for a considerable distance beyond the point where appellee was injured the track is straight.

Appellee had, on March 31, 1944, been working in a field adjacent to the railroad right-of-way. She had started home, and had climbed on the railroad embankment near the east end of the east bridge, and started walking west across said trestle, and had reached a point near the middle thereof, when she heard the whistle of the approaching train. She started to return to the east end, but before she could do so she was forced to jump to the ground some 20 feet below, and received serious and painful injuries.

We will not attempt to review the evidence relating to the distance to the west the engineer could have seen appellee's perilous position on the trestle, as to do so would unduly extend this opinion. Suffice it to say that there was abundant substantial evidence to show that if he had been keeping a proper lookout he could have seen her a half-mile or more away, and could have either stopped his train before overtaking her or slowed it down sufficiently to enable her to reach a place of safety or of less danger than where she was forced to jump. As we said in *Missouri Pacific R. R. Co.* v. *Severe,* 202 Ark. 277, 150 S. W. 2d 42, to quote a headnote, "When testimony has been offered sufficient to sustain a reasonable inference that the injury could have been averted if an efficient lookout had been kept, the burden devolves upon the railroad company to show by a preponderance of the evidence that such lookout had been kept." This statement of the law is based on our lookout statute, § 11144 of Pope's Digest, which provides that a recovery may be had for a violation of this statute, "notwithstanding the contributory negligence of the person injured, where, if such lookout had been kept, the employee could have discovered the peril of the person injured in time to have prevented the injury by the exercise of reasonable care after the discovery of such peril, and the burden of proof

shall devolve upon such railroad to establish the fact that this duty has been performed.''

The court instructed the jury to this effect, and that appellee was a trespasser, and was guilty of contributory negligence as a matter of law, and we think the evidence was such that a question of fact was presented for the jury, and its verdict must be permitted to stand.

Another assignment of error is based on the action of the court in sending the jury to the point of injury to view the scene, over appellants' objection. Our statute, § 1518 of Pope's Digest, provides that the court may permit a view. The assignment is based on the alleged misconduct of the jury in violating the instructions of the court not to separate. In an affidavit of the deputy in charge of the jury on the trip to the scene, it is shown that the jury was taken there in three separate cars, and that on arrival some of them went east of the east bridge, while others went west of the west bridge, and that those who went to the east did not go to the west, nor did those who went west go to the east. We fail to see that this action constituted misconduct of the jury, or that appellants were prejudiced in any way thereby. We are cited to the case of *Fitzgerald* v. *LaPorte,* 67 Ark. 263, 54 S. W. 342, where the court used this language: ''There is considerable conflict in the decisions of the different courts on this point. But we are of the opinion that the view of the premises by the jury is a species of evidence, and must necessarily operate to some extent on the minds of the jury. The verdict must be supported by other evidence than the view, but we do not think the court erred in refusing to tell the jury that they must not base their verdict in any degree upon such an examination.'' Here, the evidence was sufficient to support the verdict without the view, and we fail to see that, because some of them viewed the scene from opposite directions, this constituted misconduct on the part of the jury. It is not shown in the affidavit that the jury made tests or experiments, and the cases cited condemning the practice do not apply.

We have carefully examined all the instructions given and refused, and are of the opinion that the court fully and fairly instructed the jury.

Affirmed.