Jesse Simpson, *against* Robert McDonald.

Error *to Pike Circuit Court.*

Where a party stipulates to build a mill, which shall cut or grind a certain quantity, for an agreed compensation, and fails in the performance of the contract, he cannot afterwards recover on a *quantum meruit* count for the value of the work and labor done, and materials furnished.

But if after failure, he is permitted by the other party to go on and rebuild the mill, which work is afterwards accepted, without any objection to its sufficiency, a recovery by suit may be had of the value of such work on the implied contract.

To allow one to perform a piece of work, without a special agreement, and afterwards to accept it, raises in law an implied contract by the party for whom the work is done to pay what such work is worth.

This was an action of assumpsit, and the declaration contained three counts: two of them charging the defendant *in indebitatus assumpsit* in different ways, and the other count seeking to render him liable on a *quantum meruit.* The case was tried upon the general issue, and there was a verdict and judgment for the defendant. After judgment, the plaintiff filed his motion for a new trial, also his motion in arrest of judgment. Both motions were overruled; and he thereupon excepted to the opinion of the court, and spread the evidence adduced on the trial upon the record.

The bill of exceptions discloses substantially the following facts: The plaintiff agreed to build for the defendant a saw mill that would cut fourteen hundred feet of plank per day, and also a grist mill that would grind from seventy-five to eighty bushels of corn meal per day; and if the mills failed to perform the above stipulated quantity of work, he was, in that event, to receive no compensation whatever for building them. No time was fixed on when the mills were to be completed, nor was any price agreed on between the parties for their construction. Under this agreement the plaintiff proceeded to execute the work himself, as a mill-wright, and to superintend and direct the hands of the defendant, who seem to have been employed in helping him to build the mills. When the works were finished, the proof clearly shows that the mills were wholly valueless for

Simpson *against* McDonald.

the purpose for which they were built, and so several of the witnesses testify; and so the plaintiff expressly admitted himself.

This being the case, the plaintiff employed other millwrights to rebuild the mills, at his own expense, and upon their completion they were delivered to and accepted by the defendant, and answered the purposes for which they were built.

Trimble, for plaintiff in error:

In cases sounding in tort, courts manifest much more reluctance in granting new trials than they do in cases sounding in contract. *Feeter vs. Whipple,* 8 *J. R.* 369; 1 *Cow. Rep.* 25, *Hoit vs. Hosach.* It will be granted on the weight of evidence being for the applicant, and it appears that justice has not been done.

Where the jury has found contrary to law, a new trial will be granted without payment of costs. *Van Rensellaer vs. Dole,* 1 *J. Cas.* 279, 336; 2 *Caines R.* 253; 3 *Wend.* 418; 4 *Wend.* 514; 11 *Wend.* 83, 192.

An entire contract cannot be apportioned; therefore, whenever an entire sum is to be paid for an entire work, the entire performance of such work is in general a condition precedent and must be established. 2 *Saund. on Plead. and Ev.* 958; 6 *T. R.* 324. On the other hand, if the work was not entire, and the defendant has affirmed it by acquiescing in the part performance, and taken some benefit therefrom, plaintiff may recover *pro tanto.* 2 *Saund. on Plead. and Ev.* 960; and if the work has been defectively performed the plaintiff cannot recover beyond the amount of benefit actually received by the defendant. 2 *Saund. on Plead. and Ev.* 961; 1 *Camp.* 38, 190.

No contract or agreement can be raised by a mere affirmation in discourse, or by a mere offer or overture to enter into a contract or agreement not definitely entered into by both plaintiff and defendant. 1 *Saund. on Plead. and Ev.* 140; *Chitty on Cont.* 4; 3 *J. R.* 534; 7 *J. R.* 470; 12 *J. R.* 190; 1 *Caines,* 584. Where the engagement is all on one side, no contract will arise. 3 *D. and E.* 653.

TRAPNALL & COOKE, *Contra:*

From the testimony it is manifest that the plaintiff by his own express agreement undertook to make the mills cut and grind so much per day, or he would have nothing for his work. This stipulation was a condition precedent on his part, and must be performed before he could recover. It is his own express undertaking, and the rule of law is well settled, that a positive covenant cannot be excused. Covenants implied and covenants in law may be discharged by the act of God, but express stipulations seldom can. *Bohannons vs. Lewis*, 3 *Monroe*, 376. If, however, we are mistaken in giving this construction to the contract, still the finding of the jury was correct. The principle of law is well settled, that " where the plaintiff has executed his work so ill, that the defendant has derived no benefit from it, the plaintiff is not entitled to recover at all, even for labor and materials. 2 *Stark. Ev.* 97, 98. The fact that part of the work was made use of by defendant will not change the result. With regard to such jobs of work as a tailor performs in making a garment, or the cabinet-maker his furniture, much depends on the acceptance of the article made, and not objecting to it and rescinding the contract as soon as the defect is discovered. The receiving work done on a house will make no difference. Defendant could not reject it without abandoning his estate on which it was situated. It was already part of his freehold, and he received every part as it progressed, he could not object to the work and leave it on the hands of the workman without conveying away his estate, nor could the mechanic receive or sell it for his own indemnification. *Morford vs. Martin*, 6 *Monroe*, 609.

When a complete return and rescinding of the contract is impracticable, as when the contract is to build a wall or a house on the premises of the employer and the contract cannot be rescinded in *toto*, then, although the defendant has partially availed himself of the plaintiff's labor and materials supplied by him, and has not rescinded the contract in *toto*, yet it seems to be now settled that if the work has been defectively performed, the plaintiff cannot recover but on a *quantum meruit* for the labor, and *quantum valebat* for the materials to the amount of the benefit actually derived. 3 *Stark.* 1769.

Simpson *against* McDonald.

In regard to the verdict and judgment being " double," it is certainly not for the plaintiff to complain that the defendant was made to pay a part of the costs. Having failed to establish any part of his demand the whole costs of the suit should have fallen upon him. The jury and court have however adjudged a part of the costs against the defendant, and if they erred in doing so, it was to the injury of the defendant and not the plaintiff. And this court will not reverse a judgment unless the party seeking to set it aside has been injured by it.

LACY, *Judge*, delivered the opinion of the court:

Upon the first contract, which was partly express and partly implied, it is perfectly evident that the defendant was not bound, because the law raised no assumption on his part, by reason of the plaintiff's entire failure to perform his part of the agreement. Had the proof ended here, it is manifest that the defendant would have been exonerated from all liability whatever. But the testimony further shows that the first contract being cancelled, the parties subsequently entered into a second implied agreement, by which each became liable according to its terms or legal effect. The plaintiff again undertook to rebuild the saw and grist mills, and upon their completion and delivery the defendant, by an implied promise, assumed to pay a fair valuation for the work and labor done. The acts done and performed by both parties unquestionably demonstrate this to be the case.

It appears from the record that the plaintiff, at his own individual cost and expense, employed other millwrights to rebuild the saw and grist mills, and upon their completion they were delivered to and accepted by the defendant. By permitting their rebuilding the defendant agreed that the work might be done for him, and by receiving them after they were finished, he tacitly waived whatever objection he might have made to the sufficiency of the work. He thus ratified and confirmed the second implied contract by allowing the defendant to do the work for him, (for it is a maxim well settled that he who does a thing by another does it by himself,) and by receiving the mills after their completion, the law raises an implied promise on his part to pay

47

Simpson *against* McDonald.

a fair and reasonable compensation for the labor and services performed.

The saw mill, as rebuilt, is proved to be able to cut one thousand or twelve hundred feet of plank per day, and the grist mill is capable of grinding from seventy-five to eighty bushels of corn meal during the same period of time. The mills that are built are shown to be very nearly equal in value to those the plaintiff undertook to erect in the first instance. But, be that as it may, still they are proved to do good work, and the defendant by accepting them, admitted they were rebuilt in a workmanlike manner, or in such manner as was entirely satisfactory to himself. This being the case, he thereby waived his right to object to the sufficiency of the work; and having accepted them, and being now in the enjoyment of their profits, it is surely but just and reasonable that he should be compelled to pay for their rebuilding. The defendant's liability does not, as it is supposed, grow out of his first agreement, which was cancelled and annulled; but it accrues on his second implied contract, which he wholly failed to perform. If he is bound by this contract, and that he is seems to us to be almost self-evident, then it must necessarily follow that both the verdict and judgment of the court below were manifestly erroneous, being expressly and violently contrary to the justice and right of the case. If this position be true, the court also erred in not granting the plaintiff a new trial on his motion. The judgment must therefore be reversed, and a new trial awarded.