<hr />

## HARRIS *v.* GRAHAM.

### Opinion delivered May 18, 1908.

1. APPEAL—FAILURE TO ABSTRACT INSTRUCTIONS.—The court will not consider alleged errors in the giving of instructions if appellants fail to set out the instructions in their abstract. (Page 575.)

2. ESTOPPEL—WHEN WIFE ESTOPPED BY HUSBAND'S ACTS.—A married woman may, by silently acquiescing in the contract of one who to her knowledge assumes to act as her agent, be estopped to deny the agency. (Page 575.)

3. SAME.—Where a husband contracts for the improvement of his wife's land with one who believes him to be the owner, and the wife, knowing this fact, permits the work to be done without disclosing her right, she will be estopped to set up her title in defense of an action to enforce the contractor's lien. (Page 575.)

4. MECHANICS' LIEN—NECESSITY OF SUBSTANTIAL PERFORMANCE.—It is a good defense to a suit to enforce a mechanics' lien that there was a lack of substantial performance of the contract on the part of the contractor. (Page 576.)

5. SAME—LACK OF SUBSTANTIAL PERFORMANCE—RECOVERY ON QUANTUM MERUIT.—Where a building was not constructed substantially according to contract, and the owner of the land notified the contractor to remove the building, the contractor was not entitled to recover for the value of the work done and materials furnished. (Page 576.)

Appeal from Monroe Circuit Court; *Eugene Lankford,* Judge; reversed.

STATEMENT BY THE COURT.

This was a suit by Graham & Bordley as contractors to obtain judgment and enforce a lien for erecting a dwelling house for H. C. Harris and his wife, Lillie R. Harris. The contract price of the house was $2755, and was to have been built by Sample & Hoaglan, whose performance of the contract was guarantied by Graham & Bordley; and, Sample & Hoaglan failing to proceed with the work, it was assumed by Graham & Bordley.

The contractors claimed a balance of $2605 due them for the work of each of the said contractors, Sample & Hoaglan, and themselves. They filed a lien in substantial conformity with the statute, and brought suit for the said amount and to enforce said lien.

The defendants denied that the house had been built pursuant to the plans and specifications, setting forth with much detail various and divers defects, which they alleged occurred, justifying them in rejecting the house as one built pursuant to their contract. The defendants further alleged that Mrs. Harris owned the property upon which the building was to be erected

in her own right, and denied that she had entered into any con-
tract with the plaintiffs or with Sample & Hoaglan or either of
them, and denied that she was indebted to them, or that the
property was subject to lien.

The contract was signed by H. C. Harris, and not by Mrs.
Harris. The title to the lot stood in the name of Mrs. Harris.
There was evidence adduced tending to prove that the contract
was substantially complied with, and evidence tending to prove
that it was not substantially complied with. There was also evi-
dence that Harris notified the contractors before the comple-
tion of the work that it was not satisfactory, and he would not
accept it and for them to remove their material from his ground.
There was sufficient evidence to have sustained a verdict either
way on the issue of substantial compliance.

The record discloses the following facts: After the case
was submitted to the jury, and the argument of counsel
closed, the jury returned into court and announced the following
verdict: "We, the jury, find for the defendant," and, upon be-
ing asked if that was their verdict, one of the jurors stated that
it was, but it was intended by the jury that the plaintiffs should
be permitted to remove the building from the lot of the defendant,
whereupon the court, of its own motion, and over the objections
of the defendants, announced to the jury that it would not re-
ceive that verdict, and over the objections of the defendants or-
dered the jury dispersed for the night, but to return to the court
room the following morning for further consideration of their
verdict. Thereupon the defendants announced to the court that
the defendants desired a judgment on the verdict of the jury, and
to have the records show that the plaintiff should be permitted
to remove the building from said lot of the defendants, but the
court overruled the motion of the defendants, and refused to re-
ceive the verdict of the jury in behalf of the defendants, to
which ruling of the court defendants saved their exceptions.
Upon the following morning, the 12th day of December, 1906,
the defendants renewed their motion for a judgment upon the
verdict of the jury, and to have the judgment recite that the
plaintiffs should have permission to remove buildings from the
lot of the defendants, but the court overruled the motion of the
defendants and refused to receive a verdict of the jury in behalf
of the defendants, to which they saved their exceptions.

The record of the proceedings of the next day reads as follows: "Instruction number 3, given by the court of its own motion, over the objections of the defendants, and given after argument of counsel had been made to the jury, and after the jury had received instructions on part of the plaintiff and the defendant, and the cause had closed, and after the jury had returned into court and announced a conditional verdict in favor of the defendants, which verdict was not received by the court, and which instruction was given by the court of its own motion over the objections of the defendant, to which the defendants at the time excepted, and asked that their exceptions be noted of record, which was done; said instruction being as follows: 'If you believe from the evidence that the house had been completed substantially according to contract, but has slight defects in its construction, either in material or workmanship, and you further find that said house is on the land of defendants, and said building inures necessarily to the benefit of the said defendants, then you should find for the plaintiffs for the contract price, less whatever amount the evidence shows the defendants are damaged on account of said defects.' "

Thereafter the jury returned the following verdict: "We the jury, find for the plaintiffs $1537.50." Judgment was entered thereon, and Harris and his wife have appealed therefrom.

*Manning & Emerson,* for appellants.

1. Appellees guarantied that the contractors should fulfill their contract—in fact they were treated as original contractors. A contract is construed most strictly against the obligor. 73 Ark. 338; 4 *Id.* 199; 74 *Id.* 41. Signing a bond with contract attached is in legal effect signing the contract also. 62 Ark. 330.

2. Appellees were required to show affirmatively a substantial compliance with the contract, and it was error to admit the evidence of White, Morrill and Wert. Graham's testimony was incompetent. It was also error to allow the jury to view the building.

3. The affidavit and so-called account for lien was not in accordance with the statute. Kirby's Digest, § 4981; 32 Ark. 59.

4. It was error to refuse prayer No. 4 requiring the jury to find and appellees to prove that the work was done in such

manner as those capable of judging would state as skillful.  64 Ark. 34-37.

5.    Error to refuse No. 7, and in modifying it.  The court has no discretion to withhold instruction appropriate to any theory of the case sustained by competent evidence.  82 Ark. 499; 50 *Id.* 545; 77 *Id.* 128; 64 *Id.* 34.  The modification was preposterous, as it obliterated the contract.  Where parties make a contract, courts and juries cannot change it.  3 Ark. 324; 19 *Id.* 262; 33 *Id.* 751-755.  The contract was an entirety—appellants either owed $2755.00 less $160 paid, and the house was his, or nothing and the house belonged to the contractors.  82 Ark. 592.

6.    Where a party fails to comply with the contract, the other party is released.  65 Ark. 320; 64 *Id.* 34-47.

*Thomas & Lee for appellees.*

1.    The contract was complied with.  A verdict finding a substantial compliance will not be disturbed.  64 Ark. 38; 30 A. & E. Enc. Law, (2 Ed.) 1223; 6 Cyc. 104; 74 Coun. 418; 36 Ill. App. 357; 111 Mass. 57; 91 U. S. 596.

2.    When the owner receives and retains the benefit of a builder's labor and materials, a strict, literal compliance with the contract is not a condition precedent to recovery.  6 Cyc. 87; 117 Cal. 669; 15 S. W. 208; 32 *Id.* 24.  The law implies a promise to pay, and a recovery may be had on *quantum meruit.*  30 A. & E. Enc. L. 1225; 2 Ark. 370; 5 *Id.* 651; 27 Cal. 319; 72 *Id.* 588; 33 *Id.* 751.

3.    Slight modifications and variations in a working contract with the consent of parties do not abrogate the entire contract, but it continues in force as altered.  30 A. & E. Enc. L. 1210; 13 S. W. 334.

4.    An offer in good faith to correct defects entitles the builder to recover for what he has done.  107 Fed. 363; 46 C. C. A. 341.

5.    The lien was properly filed.  Kirby's Digest, § 4970; 93 S. W. 67; 71 Ark. 334.

6.    The wife estopped by silence, acquiescence and accepting benefits.  56 Ark. 221-2; Bigelow on Estoppel, 602-3; 2 Jones, Liens, § 1264.  Also by concealment that the lots were hers—a fraudulent suppression of the truth when it was her duty to speak.  79 Ill. 164; 105 Pa. St. 375; 21 Cyc. 1348.

7. There was no agreement, and hence no verdict for defendants. The court merely followed the statute. Kirby's Digest, § 6203; 31 Ark. 198.

HILL, C. J., (after stating the facts.) Appellants criticise the instructions, and allege various errors therein; but they have not set out the instructions in their abstract. They argue the instructions as if there were five transcripts here, and each judge had a transcript before him when he was reading their criticisms of the instructions. The rule that the abstract is to acquaint the judges with the material parts of the record seems to be overlooked. The court has so often said that it will not review instructions thus presented that it is unnecessary to cite the cases.

The property stood in the name of Mrs. Harris, and the contract was made by Mr. Harris, and it is insisted that there can be no recovery against her upon the terms thereof, and that a lien cannot be enforced upon her property without the contract having been signed by her or her agent.

In *Hoffman* v. *McFadden*, 56 Ark. 217, the court said: "A married woman may, by silently acquiescing in the contract of one who to her knowledge assumes to act as her agent, be estopped to deny the agency. And where the husband contracts for the improvement of his wife's property with one who believes him to be the owner, and the wife, knowing this fact, permits the work to be done without disclosing her right, it has been held that she will be estopped to set up her title in defense of an action to enforce the contractor's lien."

The evidence here is sufficient to justify the jury in finding against Mrs. Harris upon either of these propositions.

The principal question in the case is as to the verdict rendered by the jury in favor of the defendants and the refusal of the court to accept it when one of the jurors announced that the jury intended by that verdict for the plaintiffs to have the building, and that they be permitted to remove it. Under sections 6203-6204 of Kirby's Digest, if any juror dissents from the verdict as delivered by the foreman, the jury must be sent out for further deliberation. But this is not a case falling within the statute. The juror's announcement was not a dissent, but an explanation of the intended effect of the verdict for the defendants.

As shown in the statement of facts, there was a sharp conflict as to whether there were material variations from the contract, or whether there had been a substantial performance of it. The verdict of the jury for the defendants necessarily found that there were substantial and material deviations from the contract which justified the defendant in not accepting the building, and the statement of the juror showed that the jury intended in so finding that the house which had been erected by the contractors should belong to them, and that they should be entitled to remove it. If this was the effect of the verdict, then the statement of the intention of the jury neither added to it or took from it; if it was not the effect of the verdict, then they should have been remanded for further deliberation. Where there has been a lack of substantial performance of a contract by a contractor, he cannot establish a lien upon the property. Phillips on Mechanics' Liens, § 134; 20 A. & E. Enc. 367; *Dermott* v. *Jones,* 2 Wall. 1; *Smith* v. *Brady,* 17 N. Y. 173; *Fox* v. *Davidson,* 36 N. Y. App. 159; *Ark-Mo Zinc Co.* v. *Patterson,* 79 Ark. 406.

In New York the rule is rigidly adhered to that the contractor can recover nothing where he has failed to substantially comply, and although this may inflict upon him a heavy pecuniary punishment by giving the other party what the contractor has done without paying for it, still it is said that this consideration is unimportant, weighed against the healthy and beneficial effect of the rule denying recovery unless there is substantial compliance with the contract. Phillips on Mech. Liens, § 134.

In some jurisdictions it is held that while the contractor cannot recover upon his contract where he has failed to substantially comply, yet he may recover upon a *quantum meruit* for labor done and *quantum valebat* for material furnished. Phillips, *supra.*

Thus in Massachusetts it was said: "We think the weight of modern authority is in favor of the action, and that upon the whole it is conformable to justice, that the party who has the possession and enjoyment of the materials and labor of another shall be held to pay for them, so as in all events he shall lose nothing by the breach of contract. If the materials are of a nature to be removed, and liberty is granted to remove them, and notice to that effect is given, it may be otherwise. But take

the case of a house or other building fixed to the soil, not built strictly according to contract, but still valuable and capable of being advantageously used, or profitably rented—there having been no prohibition to proceed in the work after a deviation from the contract has taken place—no absolute rejection of the building, with notice to remove it from the ground; it would be a hard case indeed if the builder could recover nothing." *Hayward* v. *Leonard,* 7 Pick. (Mass.) 180.

Under neither rule can the action of the court in refusing to render judgment upon this verdict be sustained. The owner had given notice before the completion of the building several times that he would not accept the building, and that the material belonging to the contractor should be removed.

Immediately upon the juror saying that the jury intended that the contractor be permitted to remove the building, the owner offered to consent thereto. This consent, if not theretofore given, certainly then removed any objection to refusing recovery to the contractor, where there had not been substantial compliance, irrespective of whether the strict New York or the liberal Massachusetts rule is adopted.

When a contractor agrees to build and deliver a certain house on the land of another, the building does not become that of the landowner until it is finished in substantial conformity with the contract or accepted by him. Phillips on Mech. Liens, 135; *Dermott* v. *Jones,* 2 Wall. 1.

In some instances, as in the Massachusetts case, *supra,* and others may be found in 20 A. & E. Enc. 367, where a contractor in good faith has performed services and delivered material, he may have compensation for their value, notwithstanding he cannot recover on the contract. But those all seem to be cases where the building has become the landowner's, and grave injustice would be done the contractor unless he was allowed some compensation for what he had imperfectly done, and recovery is allowed to the extent that he had improved the landowner's property. None of these instances are in point here.

The second verdict, rendered after the court refused to accept the first one and gave instruction number 3, was, in round numbers, for $1100 less than the contract price. In other words, the jury said in this verdict that the contractors lacked by $1100

having fulfilled a $2755 contract. This was a second finding that there was a substantial and material deviation from the contract, and was but a confirmation in another form of the finding in the first verdict. This finding is supported by ample evidence, and, accepting it as true, then the jury's verdict for the defendants entitled the contractors to remove the house from the landowner's lots. This the landowner had requested, and again offered to consent to.

The court erred in not entering judgment upon this verdict. Reversed and remanded with directions to enter judgment upon the first verdict.