## Mitchell *v*. Caplinger.

### Opinion delivered January 16, 1911.

1. Building contract—effect of substantial compliance.—Where work has been done substantially in compliance with the terms of a contract, or has been accepted, the contractor may, notwithstanding defects therein, recover the contract price, less the cost of correcting such defects. (Page 281.)

2. Same—what is substantial performance?—A building contract is substantially performed, notwithstanding omissions or deviations therefrom if they are inadvertent or unintentional, are not due to bad faith, do not impair the structure as a whole, are remediable without doing material damage to other parts of the building in tearing down and reconstructing, and may without injustice be compensated by deductions from the contract price. (Page 282.)

Appeal from Benton Chancery Court; *T. Haden Humphreys,* Chancellor; affirmed.

*Rice & Dickson,* for appellants.

1. Under the facts developed in this case and the law as applicable thereto, it is incumbent on appellee to show more than a substantial compliance with his contract. "When there is a wilful refusal by the contractor to perform his contract, and he wholly abandons it, and after due notice refuses to have any more to do with it, his right to recover depends upon performance of his contract without *any* omission so substantial in its

character as to call for an allowance of damages, if he had acted in good faith." 29 N. E. 1017, and authorities cited. If more than a substantial compliance is not required, then, to say the least of it, he should be held to show a substantial compliance. 27 Cyc. 85, and cases cited in note 27. The chancellor's finding was that there was not a substantial compliance, and the evidence sustains this finding.

2. Under the written contract, performance of the work to the satisfaction of the appellant is expressly provided for, and such performance is a condition precedent to maintaining this action. 27 Cyc. 87; 100 Mich. 134.

*O. P. McDonald* and *McGill & Lindsey,* for appellee.

In the absence of an agreement to the contrary, a substantial compliance is all that is required to authorize a recovery of the contract price, less the additional cost of a literal compliance with the contract. 79 Ark. 506; 9 Cyc. 603; 64 Ark. 34. Whether there has been a substantial compliance is a question of fact for the court or jury. But this issue was not raised by appellant's answer, nor that the building was not "satisfactory," as a bar to the right to maintain an action on the contract, or to recover any part of the contract price. They will not be permitted to raise new issues here. 64 Ark. 305; 80 Ark. 384; 82 Ark. 260; 83 Ark. 10. See also 9 Cyc. 618.

KIRBY, J. Appellee brought suit in the Benton Chancery Court against appellants for a balance of $1,119.23 claimed to be due him upon a written contract under the terms of which he constructed the foundation walls and floor of a store building for appellants.

Appellants denied that appellee had constructed the walls in accordance with the contract; alleged that by reason of defective cement blocks used in their construction the walls cracked and the building was unsafe for occupancy or completion of the other parts by other contractors; that appellee refused to repair it; that it was necessary to make the building satisfactory and safe to construct a 9-inch brick wall inside the concrete wall which they did at an expense of $700, and that they were damaged further in the sum of $500 by his failure to complete the building in time for the reception and exposing for sale therein

of a large stock of goods that were received at the time the building was contracted to be finished, and which had to be stored in other buildings till it could be finished, etc.

A great mass of testimony was taken in the case, and, although it is conflicting and contradictory, it shows that the walls when finished were cracked, and when it rained absorbed enough moisture to become damp and wet inside. There was no provision in the written contract that the walls should be dry, or that the blocks would not absorb water or moisture.

Appellee testified the work was done in accordance with the contract, and the materials used in the construction were required by its provisions, and that the amount sued for was unpaid and due. Appellants demanded that he tear down the walls and rebuild them or allow them $1,000, which he refused to do; said he would make any repairs in reason that were needed, said the cracked and broken blocks could have been taken out and new ones put in for $25; that there was no necessity for a 9-inch brick wall to make the building dry. That it could have been made dry by a coating of cement plaster with a half-inch air space, and that dryness of the walls was not mentioned before the contract was entered into; that he had no notice that appellants were going to put in the inside wall. Other witnesses testified that the work was done in accordance with the contract and with the materials required by it, and that the cracked walls could have been repaired for $40, none putting it higher; that they could have been made dry or absorption of moisture prevented by lathing and cement plastering at a cost of $150, or, the best way, by veneering with brick at a cost of $300; that a 9-inch wall was unnecessary, and a 4-inch one would have been sufficient.

W. T. Mitchell, one of the appellants, testified that he told appellee the blocks were too porous, and would not make a dry wall, and was assured by him that the building when completed would be dryer than any brick building; that he required him to tear down and rebuild the south wall which cracked from top to bottom when it was 12 or 14 feet high; that he did not notice further cracks in the walls till the roof was on; that in his copy of the contract the walls were guaranteed not to crack; that Caplinger's copy didn't show the guaranty; that he was not satis-

fied with the work done by Caplinger; that he wrote on face
of check in part payment "not satisfied with wall;" that he had
paid Caplinger in all $686.75, which included an item of $7.50
not in his first statement; that the building as left by appellee
was worth $1,000 less than if it had been completed according
to contract; that after he demanded that appellee tear down the
walls and rebuild them or pay him $1,000 and appellee refused
to do it and said he was done, he consulted several builders and
contractors, and was advised to put a brick wall on the inside,
which he had done at a cost of $700; that he did not notify
appellee he was going to have the brick wall built; that the
work done by appellee as completed was not worth more than
three or four hundred dollars; that the cracks in the walls
damaged the market value of the building in appearance from
three to five hundred dollars or more; that appellants were
damaged $5 per day while out of the use of the building; that
they waited two months after Caplinger refused to comply with
their demands about payment of damages or repair of building
before beginning to make the repairs.  After hearing all the
varying estimates of damage and the best methods for repairing
and remedying the defects in the walls and the cost thereof,
the chancellor, at the request of both parties, made a personal in-
spection of the building; allowed appellants $560 damages re-
sulting from the use of defective work and materials, and ren-
dered judgment against them for the balance on the contract,
$497.03, with decree of foreclosure of mechanics' lien.  Both
parties prayed an appeal, but only appellants perfected their
appeal.

It is contended here that there was no substantial compliance
by appellee with the terms of his contract, and that he was
not entitled to recover thereon.

The appellants did not set this up in their answer as a bar
to appellees' recovery on the contract, but alleged that the build-
ing was not completed according to the terms of the contract,
and that they were compelled to employ other workmen to com-
plete same at a certain cost and otherwise damaged, etc.

In *Fitzgerald* v. *La Porte,* 64 Ark. 34, this court said:
"Where work has been done substantially in compliance with
the terms of a contract, or there has been an acceptance of the

work by the contractee, the contractor may, notwithstanding defects therein, recover the contract price, less the cost of correcting such defects."

In *Ark.-Mo. Zinc Co.* v. *Patterson,* 79 Ark. 506, it said: "It is undoubtedly the law that, in the absence of an agreement to the contrary, a substantial performance is all that is required to authorize a recovery of the contract price, less the additional cost of a literal compliance with the contract."

"Substantial performance," as defined by the cases, permits any such omission or deviations from the contract as are inadvertent or unintentional, are not due to bad faith, do not impair the structure as a whole, are remediable without doing material damage to other parts of the building in tearing down and reconstructing, and may without injustice be compensated for by deductions from the contract price." 9 Cyc. 603.

Appellee was entitled to recover on the contract upon a substantial performance of it, or an acceptance of the work by the contractee, notwithstanding defects therein, the contract price less the cost of correcting such defects.

The testimony showed that appellants accepted the work and attempted to remedy the defects by such methods as they thought best calculated to correct them, and the chancellor so found and deducted the amount necessary to pay for correcting the defects from the contract price and rendered a decree for the balance. It is contended further that the amount allowed by the chancellor was inadequate. The whole matter was before him, and he might have found from the testimony that appellants were entitled to a smaller or larger amount than that allowed, as there was a wide range in the estimates of the witnesses as to what was necessary and the cost of it, and his judgment is not against the preponderance of the testimony, and the decree is affirmed.