## CAMPBELL *v.* KENNERLY.

### Opinion delivered January 22, 1912.

1. BUILDING CONTRACT—HEATING APPARATUS—GUARANTY.—Where a contractor agrees to put in a heating apparatus which he guarantees to meet certain specified requirements, he can not recover unless he had furnished the material and performed the work substantially as provided in the contract. (Page 53.)

2. APPEAL AND ERROR—CONCLUSIVENESS OF CHANCELLOR'S FINDING.— Where there is an irreconcilable conflict in the testimony in a chancery case, and the state of it is such that the Supreme Court is unable to say that the chancellor's finding is against the preponderance of the evidence, the decree will be affirmed. (Page 53.)

3. CONTRACT—RESCISSION—RESTITUTION.—Where it is adjudged that a heating apparatus installed by plaintiff in defendant's building did not substantially comply with plaintiff's contract, and therefore that plaintiff was not entitled to pay therefor, he will be entitled to remove the machinery from the premises, as far as that can be done without injury to the building. (Page 54.)

Appeal from Independence Chancery Court; *George T. Humphries,* Chancellor; affirmed.

*Samuel M. Casey,* for appellant.

1. In contracts of the kind involved here, substantial compliance with its requirements is sufficient. 38 Ark. 199; 64 Ark. 34, 40; 79 Ark. 506; 133 S. W. 1032.

2. Evidence introduced by appellees to the effect that, after the contract had been performed or when appellant was trying to adjust the matter with them and get them to pay for

it, and additional work was being done to stop the water out of the furnaces in an effort to satisfy appellees, appellant agreed when they paid the $300.00 that the balance would be payable when they kept the water out, etc., was inadmissible, because it was a patent effort to change a written agreement by parol testimony—an attempt to engraft upon a written contract a parol warranty. 80 Ark. 509; 83 Ark. 105; *Id.* 240; *Id.* 283; 94 Ark. 130.

Even if they could establish such alleged agreement, it was without sufficient consideration to support it and not enforcible. 1 Beach on Cont. 781, 784; 93 Ark. 547; 56 Am. St. Rep. 659-671; 5 Am. St. Rep. 197-201, note.

3. The findings of a chancellor are persuasive only and not conclusive. 83 Ark. 340; 93 Ark. 277.

*McCaleb & Reeder*, for appellees.

1. The testimony is fully sufficient to sustain the finding of the chancellor. Not only is it supported by a great preponderance of the evidence, but it is fortified by his personal examination and inspection of the plant, and this court on appeal will not set it aside. 68 Ark. 314; 71 Ark. 605; 68 Ark. 134; 72 Ark. 67; 73 Ark. 489; 67 Ark. 200; 75 Ark. 52; 77 Ark. 305; *Id.* 216.

2. The rule as to substantial compliance contemplates that the work done must at least perform the purpose for which it was intended. Deviations from the contract can only be such as result from inadvertence and are unintentional, do not impair the structure as a whole, and may without injury be compensated for by proper deductions from the contract price. 64 Ark. 34; 9 Cyc. 602; 6 Cyc. 57; 30 Am. & Eng. Enc. of L. (2 ed.), 1224.

McCULLOCH, C. J. Appellant instituted this action against appellees in the chancery court of Independence County, to recover the contract price for furnishing and installing a heating plant in a building owned by the latter at Batesville, and to enforce a mechanic's lien. The contract price was $875, of which $350 was paid during the progress of the work, and the action is to recover the balance.

Appellees claim that there was not a substantial compliance with the contract in that the plant was not constructed

and installed in a workmanlike manner and of proper material so as to afford satisfactory heat, and they defended on that ground. They also presented a counterclaim, asking the recovery of the sum of $350 which they had paid on the contract price.

At the hearing of the cause, the chancellor found in favor of appellees, and rendered a decree for the amount prayed for in the counterclaim.

According to the terms of the written contract introduced in evidence, appellant agreed, for the stipulated price, to install the plant, "the said heating apparatus to be placed in said building in such manner and located at such a point as shall be deemed best by said heating company for its most successful operation, it being guaranteed that said heating apparatus shall be constructed thoroughly in all respects of good material, and made smoke and gas tight, and that, subject to the requirements hereinafter specified, such heater shall furnish a pure, moist air and have a capacity to provide a temperature of 70 degrees for the building in the coldest and windiest weather."

The law is settled that a contractor of this sort can not recover unless there has been a substantial compliance on his part with the terms of the contract, or, in other words, unless he has furnished the material and performed the work substantially as provided in the contract. *Ark-Mo Zinc Co.* v. *Patterson,* 79 Ark. 506; *Harris* v. *Graham,* 86 Ark. 570; *Mitchell* v. *Caplinger,* 97 Ark. 278.

The chancellor found that there had not been a substantial compliance with the contract by appellant, and on that ground found in favor of appellees.

The record is very voluminous, and contains the testimony of numerous witnesses. There is a sharp and irreconcilable conflict in the testimony, and the state of it is such that we are unable to say that the chancellor's finding is against the preponderance. Under those circumstances it is our duty to affirm the decree.

It is insisted by learned counsel for appellants that there is a decided preponderance of the testimony of witnesses introduced by appellant who show an accurate knowledge of this kind of work, and that the testimony of many of the witnesses

. upon the part of appellees should be disregarded on account of obvious lack of such knowledge. They insist that there should be a considerable degree of expert knowledge on that subject before the testimony of witnesses can be accorded any probative force. We have duly considered these matters, and, upon the whole, we are convinced, as before stated, that the state of the testimony is such that it is impossible for us to say that there is any preponderance in appellant's favor. No useful purpose would be served in setting out the testimony in detail, even if it were practicable to do so, voluminous as it is.

We should add that, inasmuch as appellees rejected the work and refused to pay for same, it is still the property of appellant, and may be removed from the premises, as far as that can be done without injury to the building. *Harris* v. *Graham, supra.* This is doubtless the view that the chancellor took, though he made no mention of that in his decree. The parties have evidently so treated it, as nothing has been said about it in the briefs. We deem it proper to mention that, so that there will be no misunderstanding about the force of the decree which we now affirm.

It is so ordered.