### SELIG *v.* BOTTS.

### Opinion delivered March 12, 1917.

CONTRACTS—AGREEMENT TO FURNISH PUMP—REMAND OF CAUSE—PRACTICE.—Appellant agreed to drill a rice well for appellee. The well was not a success until appellee purchased a new pump, whereupon the well performed satisfactorily and delivered the amount of water contracted for. Appellant sued for the balance due. *Held,* appellant was entitled to compensation for what he had done, and a judgment for the defendant was reversed, and the cause remanded. *Held,* also, that since the appellee recovered judgment in the court below on an

erroneous theory, upon a reversal and remand of the cause, he will be permitted to develop the case in accordance with the law as announced in this opinion.

Appeal from Arkansas Circuit Court, Southern District; *Thomas C. Trimble,* Judge; reversed.

*O. M. Young, Lee & Smith* and *June P. Wooten,* for appellant.

1. Placing a reasonable construction on the appellee's testimony, there was a literal compliance with the contract by the installation of the Layne pump. Appellant was entitled to recover, on the contract, upon a substantial compliance therewith, or an acceptance of the work, notwithstanding defects therein, the contract price, less the cost of correcting such defects. 105 Ark. 353; 97 *Id.* 278; 86 *Id.* 570; 79 *Id.* 506; 64 *Id.* 34. Judgment should have been given for appellant, for at least $300. 33 Ark. 751; 114 *Id.* 330; 120 *Id.* 152. The jury were properly instructed, but they ignored the instructions.

2. Appellant repaired the pump every time he was notified to do so, and supplied all defects, thereby carrying out his contract. The court erred in refusing instruction No. 3, asked by appellant. 102 Ark. 152.

3. The instructions were misleading and hurtful testimony was admitted.

*J. W. Moncrief* and *C. L. O'Daniel,* for appellee.

1. Appellant did not seek to recover on *quantum meruit* below, and questions not considered and determined in the lower courts will not be reviewed in this court. This court does not assume to try new issues, nor try them *de novo.* 53 Ark. 163; 64 *Id.* 499; 71 *Id.* 214-427. Nor can a party assume a position in this court inconsistent with the one taken in the lower court. 66 Ark. 126; *Ib.* 219. A party not asking relief below can not obtain it on appeal. 68 Ark. 71. He sued on the written contract and objected to all proof as to damages.

Most of the cases cited on *quantum meruit* are suits on binding contracts where the rule is different. 64 Ark.

34-38; 102 *Id.* 152; 3 *Id.* 324; 86 *Id.* 570; 118 N. W. 789; 146 *Id.* 347; Kirby's Digest, § 5028; 151 Pac. 649.

2. There can be no recovery on *quantum meruit* on account of his wrong, and appellee was damaged more than he was benefited. 25 N. E. 418; 85 N. Y. Supp. 713; 70 Hun. 222; 25 Pa. 382; 66 Ill. 467; 69 N. H. 466; 33 Vt. 35; 72 Ark. 525; 3 Ark. 324. There was no error in the court's instructions.

3. The burden of proof was on appellant. 166 S. W. 566; 93 Ark. 472; 88 *Id.* 422.

4. The terms of a contract are to be construed most strongly against the party drafting it. 73 Ark. 338; 74 *Id.* 41; 90 *Id.* 88.

5. The contract determines the rights of the parties, and both are bound by its terms, and the damages were fixed by it. 14 Ark. 315, 327; 122 *Id.* 308.

6. The instructions really were too favorable to appellant. The verdict was against appellant on disputed facts, and it is sustained by a great preponderance of the evidence. If there was any error, it was invited error.

SMITH, J. The parties to this litigation entered into a contract wherein Selig, who was the plaintiff below, and is the appellant here, agreed to drill a rice well for Botts, who was the defendant below and is the appellee here, with a flow of water of 800 gallons per minute, when tested, and to install a centrifugal pump, to be completed and tested on or before May 15, 1914, for a total consideration of $1,650, of which $1,200 was to be paid upon completion of the well, and a note given for the balance, bearing 8 per cent. interest from date, and maturing December 1, 1914. There was a written contract in which Selig guaranteed that the well would produce the stipulated amount of water at the time of test, if pumped with proper power and speed, and Selig also agreed that, after the test and acceptance, he would furnish, free of cost to Botts, during the pumping season of 1914, "any defective parts of pump, or parts that should become worn out, same having been properly lubricated, for above stated

period." The parties agree that a test was made, and Selig says it was satisfactory to Botts, except that it appeared that sufficient engine power had not been provided. Certain notes were given after the test, and a $500 payment was made on June 1, and on July 14 an additional cash payment of $286 was made. In addition to the $786 paid in cash, Botts incurred expenses amounting to $39 in the attempt to operate the pump, making a total expenditure of $825. Botts testified that the pump did not work satisfactorily, and, after Selig had attempted several times to adjust it, he abandoned that pump and purchased another at a cost of $525. Thereafter there was no further trouble, and Botts admitted that he got a pipe full of water, amounting to 800 gallons per minute. Botts denied any liability, and filed a cross-complaint, in which he prayed judgment for damages to compensate the partial loss of the crop of rice, which he says was occasioned by the insufficient supply of water during the time he was attempting to operate the Selig pump. The case, however, was submitted to the jury upon the question of the performance of the contract to drill the well and furnish the pump.

A large number of instructions were given, which we will not set out. One, given at the request of Selig, told the jury, in effect, that, if the failure to fulfill the guaranty of the contract was not due to Botts' failure to furnish proper power, but to the defective pump, the liability of Selig on this account would be $525.

An instruction, given at the request of Botts, however, told the jury that "If you find that plaintiff has failed to comply with said contract, as above stated, then plaintiff is indebted to defendant in the sum of $825, and you should so find."

The jury returned the following verdict: "We, the jury, find for the defendant judgment in the sum of $825, and relieve defendant from any further payment on said well, and notes are to become void."

Notwithstanding the evidence of Selig that the pump was tested and accepted, and needed only proper propelling power, which he was under no duty to furnish, and certain small repairs and adjustments which he made, and offered to make, we must assume, from the verdict of the jury, that the pump was worthless. It does not follow, however, that the judgment must be affirmed on that account. The new pump was installed the last of July, 1914, and its installation completed the contract. Had Selig put this last pump in, instead of the one he did put in, he would have been entitled, under the contract, to a payment, either in cash or interest-bearing notes, of $1,650. But as Botts was required to expend $525 to get the thing which he had contracted for, that sum must be deducted from the contract price. It follows, therefore, that Selig should have had judgment for $300, and judgment will be entered here in his favor for that amount, with interest from July 31, 1914.

It is strongly insisted by learned counsel that no judgment should be rendered against Botts, because the jury has found that the contract was not performed, and we are cited to cases holding that there can be no recovery, *quantum meruit,* on the partial performance of an indivisible contract. But this is not that kind of a contract. The well is there, and is now in use, and meets the contract specifications. Only a proper pump was needed to comply with the provisions of the contract, and only its cost should be deducted from the contract price. *Thomas* v. *Jackson,* 105 Ark. 353, and cases cited. *Ensign* v. *Coffelt,* 119 Ark. 1.

The judgment is reversed, and judgment will be rendered here in favor of Selig for $300 with interest.

SMITH, J., on rehearing. Appellee calls attention to the fact, in his motion for a rehearing, that he prevailed in the trial of this cause in the court below, and that he tried his case upon the theory that there could be no recovery by appellant, unless he had substantially complied with his entire contract, which required him not only to

furnish a well answering the contract specifications, but a pump also. He insists now that, in view of our decision that the appellant should be allowed to recover the contract price for the completed contract, less the sum expended by appellee in completing the contract, he should be permitted to develop more fully his defenses to the suit, when tried upon that theory. He says, in this connection, that the pump installed by him was not of equal value to the one to which he was entitled under the contract, and that he incurred expenses in the installation of the new pump for which we have not given him credit, and which were occasioned by the failure of appellant to install the kind of pump to which appellee was entitled under his contract.

Inasmuch as appellee recovered judgment below upon an erroneous theory, we will grant the rehearing to the end that he may develop his case in accordance with the law as announced in the original opinion.

And as the cause is to be remanded for a new trial, we take occasion to say that the court properly refused to allow appellee to prove damages alleged to have been sustained to his rice crop as being indirect, and not within the contemplation of the parties under the terms of the contract.