## WALDEN *v.* KIRKLAND.

Opinion delivered December 10, 1917.

1. CONTRACTS—LEASE—SUBSTANTIAL PERFORMANCE.—The contract price, in a contract of lease, may be recovered, upon a substantial performance in good faith, of the terms or conditions of the contract.

2. CONTRACTS—ACTION FOR CONTRACT PRICE—SUBSTANTIAL PERFORMANCE.—On conflicting evidence, it is proper for the court to submit to the jury the question of the substantial performance of a contract.

3. TENDER—AFTER SUIT—COSTS.—Where appellee tendered to appellant (plaintiff) two days after suit was brought, and again in the answer a sum greater than the amount recovered by appellant with costs, appellant is not entitled to interest.

Appeal from Yell Circuit Court, Dardanelle District; *A. B. Priddy,* Judge; affirmed.

*John M. Parker,* for appellant.

1. The court erred in refusing instructions 1 and 2, requested by plaintiff. Appellee agreed to pay $1,400 cash and $200 in work. If he failed to perform any of his covenants he was to pay $1,600 rent, October 1, 1916. He did not comply with his covenants, to clean out all the ditches, clear up and cultivate three acres of land, dig up the patches of Bermuda grass and clean up the Thorny creek drain, etc. Nor did he pay or offer

to pay the $1,400 when due. He failed to comply with his covenants and was liable for $1,600 and interest. 90 Ark. 88.

2. The tender was not sufficient. It was after suit brought and did not include costs.

3. The instructions were misleading, and the verdict contrary to the evidence.

4. The contract says specifically that if he failed to perform *any of said covenants* he was to pay $1,600. A failure to comply with either one of them entitles us to a reversal and new trial.

*Marcellus L. Davis,* for appellee.

1. A substantial compliance with the terms of the contract was all that was required of appellee and this the evidence shows. Hammond on Cont. 877-8; 77 Ark. 307, 168; 59 *Id.* 408. The court properly instructed the jury.

2. The verdict is sustained by the evidence.

HUMPHREYS, J. Appellant instituted suit against appellee in the Dardanelle District of the Yell Circuit Court to recover rents in the sum of $1,600 with 10 per cent. interest from the first day of October, 1916, on 286½ acres of land in Yell County, which appellant had rented to appellee for the year beginning January 1, 1916, and ending on January 1, 1917. It was alleged in the complaint that appellee had agreed in writing to pay $1,400 in cash on the 1st day of October, 1916, and that he would clean off, clean out and level down ditches, dig up four or five patches of Bermuda and that he would take off the timber and cultivate the lands where the timber was located on the east fifteen acres of the southwest quarter of the southeast quarter, section 1, township 5 north, range 20 west, on the home place; and that he would clean off and grub Thorny creek drain on the Kalb place and put in said new ground on said place, but upon failure to perform any of said covenants, he should pay $1,600 for rent on said lands. It was further alleged that appellee had failed to perform the covenants of the con-

tract. Appellant also alleged that she was entitled to a landlord's lien upon the crops and took the necessary steps to enforce same.

Appellee answered admitting that he entered into a written rental contract with appellant for said lands and had agreed to pay her $1,400 rent for which he executed his note, but denied that the written contract attached to and made a part of the complaint was a correct copy of the contract; denied that he had failed to perform any conditions of the contract he made; denied that appellant was entitled to a landlord's lien on the products raised by him during the year 1916, or that she was entitled to judgment for $1,600; and, by way of cross-complaint, alleged that appellant was indebted to him in the sum of $46.75 for butter, eggs and other produce sold and delivered to her and $............... damages, alleged loss on sales of cotton by reason of the proceedings taken against him.

Upon trial of the cause, appellant recovered a judgment against appellee for $1,360.25. An appeal to this court has been prosecuted, which challenges the construction placed upon the rental contract by the circuit court, and the sufficiency of the evidence to support the verdict and judgment.

The rental contract in question sets out the work appellee was required to do in lieu of the payment of $200 additional cash rent. The covenants for work are couched in the following language: "He (referring to appellee) will clean off ditches and clean out ditches and level down ditches and dig up four or five patches of Bermuda, and take off timber and cultivate said lands where said timber is located on east fifteen acres, southwest quarter, southeast quarter, section 1-5-20, on the home place. * * * Party of the second part (referring to appellee) to clean off and grub Thorny creek drain on what is known as the Kalb place and put in said new ground on said place." Then it was provided that, "If the party of the second part (referring to appellee) should fail to perform any of said covenants as herein mentioned and set forth, then he agrees to pay to the party of the first part

the sum of $1,600 for rent on said lands on date mentioned above.''

The main body of the contract was typewritten, but the description of the leased premises was inserted with pen and ink, and the words ''Thorny creek'' and ''on the E. 15 A. S. W. ¼, S. E. ¼, Sec. 1-5-20'' were also inserted with pen and ink. The evidence is conflicting as to whether the words ''Thorny creek'' were inserted before or after the contract was executed. Appellee's contention was that they were inserted after the execution of the contract without his knowledge. The evidence was also conflicting as to whether the covenants in the contract had been complied with on appellee's part.

(1) The court held and instructed the jury that a substantial compliance with the covenants in the contract on the part of appellee was all that was required. Appellant contends that, in order for appellee to exonerate himself from paying the entire amount of $200 additional cash rent, it was necessary for him to strictly comply with each and every covenant in the contract, and insists that the court erred in refusing to give instructions numbered 1 and 2, requested by appellant, which were framed in accordance with his construction of the contract. The old rule exacted a strict performance of the covenants before the contract price could be recovered, but the modern doctrine is more liberal. The general rule now is that suit may be maintained for the contract price upon substantial performance in good faith of the terms or conditions of the contract. Elliott on Contracts, Vol. 3, § 1878; Hammon on Contracts, § 442; Page on Contracts, Vol. 3, 2144; 9 Cyc. 602. Arkansas is in accord with the liberal rule. This court said in the case of *Thomas* v. *Jackson*, 105 Ark. 353, that, ''A substantial performance is all that is required to authorize a recovery of the contract price, less the additional cost of a literal compliance with the contract.'' The doctrine thus announced is well sustained by former adjudications of the court. *Fitzgerald* v. *LaPorte,* 64 Ark. 34; *Ark.-Mo. Zinc Co.* v. *Pat-*

*terson,* 79 Ark. 506; *Harris* v. *Graham,* 86 Ark. 570; *Mitchell* v. *Caplinger,* 97 Ark. 278.

(2) On conflicting evidence, as in this case, it was proper for the court to submit the question of substantial performance of the contract to the jury. *Fitzgerald* v. *LaPorte,* 64 Ark. 34. It is suggested, however, that the undisputed evidence disclosed that appellee had not attempted "to clean off and grub Thorny creek drain on what is known as Kalb place and put in said new ground on said place;" and that such agreement constituted one of the conditions in the contract. Appellee testified that the words "Thorny creek" were inserted in the contract after he signed it; that he cleaned up another drain on the Kalb place to which the contract referred. If this be true, he could not be held to a performance of that covenant in the written contract. The jury found the fact with him, and the finding of the jury is binding upon appeal. It is also contended that appellee failed to perform the contract to clear up and put three acres of woodland in cultivation on the home place. Appellee testified that he cleared up and put the fifteen acres mentioned in the contract in cultivation. No specific three acres was referred to or described in the contract. The contract did not require him to clear up and put in as much as fifteen acres. It only provided that he should clear up and put in the new ground located "on the east fifteen acres of the southwest of the southeast of section 1, township 5 north, range 20 west, on the home place." The finding of the jury that appellee cleared and cultivated all new ground required on the home place is conclusive on appeal. What has been said with reference to the performance of clearing up and putting the new ground in cultivation is equally applicable to the covenants to clean off, clean out and level down the ditches and to dig up the Bermuda patches. The jury found that there had been a substantial compliance with all the covenants in the contract upon conflicting evidence, and this court will not question the verdict of the jury on appeal.

We can not agree with counsel that because appellee's testimony was strongly contradicted it can be said there was no substantial evidence to support the verdict. The jury were the sole judges of the credibility of the witnesses and the weight to be attached to their testimony.

(3) It is also insisted that the court committed reversible error in instructing the jury that appellant "would not be entitled to interest if they found a tender had been made, without saying to them that such tender, if made after the suit was instituted, would not stop the interest unless the costs also were tendered."

Appellee, through Mr. Wirt, tendered $1,400 to appellant on the 21st day of October, 1916. This was two days after the suit was instituted. Appellant only recovered $1,360.25. The tender was for more than appellant recovered and was renewed in the answer. Then, too, the difference between the amount tendered and the amount recovered was more than enough to pay the costs, so no prejudice resulted to appellant on account of failing to tell the jury that a tender made after the institution of a suit must include the costs accrued to date of tender. The judgment is affirmed.