R. B. BELL, ET UX v. J. A. CARVER, D/B/A CARVER

AIR CONDITIONING Co.

4595                                                431 S.W. 2d 452

Opinion delivered September 3, 1968

**32**

*Fred Pickett* for appellants.

*Shaw & Shaw* for appellee.

PAUL WARD, Justice.    This is an appeal from a decree against a property owner establishing a lien to secure payment of $2,724.    A brief summary of the facts out of which this litigation arises is set out below.

*Facts.*

R. B. Bell and his wife (appellants here) are the owners of a lot in the town of Mena on which was a building used as a cafe.    On June 14, 1966 they executed a ten year lease to J. H. Cameron and his wife who were to operate the cafe.    Under the terms of the lease the Camerons were to make repairs necessary for the operation of a first class restaurant.    About three months later J. A. Carver, d/b/a Carver Air Conditioning Co., (appellee herein) began work on installing an air conditioner and a heating unit in the cafe building for an agreed price—whether appellants or lessees were responsible for the "agreed price" was one of the issues raised at the trial.

Before installation of said units was completed the building was practically destroyed by fire on November 1, 1966.    Following the fire appellants did not

choose to rebuild and the Camerons ceased trying to operate the cafe.

*Pleadings.* On January 26, 1967, appellee filed a complaint in chancery court, seeking (a) to recover from appellants $1291 expended for labor and $1955 expended for materials being lost as a result of the fire, and (b) to establish a lien on appellants' property to secure payment of the above items. Appellants pleaded a general denial and a cross-complaint against the Camerons alleging they were obligated, under the lease, to pay any amount due appellee. Answering the cross-complaint, the Camerons denied they were liable in any amount to appellee or appellants.

At the close of a hearing on the above issues the trial court made the following findings: appellants contracted with appellee for said installation; appellee is entitled to a judgment, or a quantum meruit basis, against appellants; said judgment is a lien on the premises (subject to a lien in favor of the Union Bank of Mena), and; when appellants satisfy said judgment they will be entitled to a judgment against the Camerons. The trial court retained jurisdiction to make any further necessary orders.

The court entered a judgment in favor of appellee in the amount of $2,727 which was less than was asked for, but appellee does not question the reduction here. Also, the Camerons have not perfected their appeal.

For a reversal appellants here rely on three separate points which we now discuss in order.

*One.* Appellants' first point is stated as follows:

"The court erred in its findings of fact and conclusion of law that Appellee is entitled to judgment based upon quantum meruit."

As we understand the argument here it is contended (a) the evidence does not support the trial court's finding

that appellants authorized appellee to make said installations and (b) quantum meruit was not the proper measure of damages.  We find no merit in either contention.

(a)  The trial court found, and it is undisputed: that the fire was not the fault of any of the parties; that appellant first contacted appellee about the installations; that Bell told appellee to start work and, that appellants and appellee agreed on the price.  In addition to the above the written lease agreement does not require the Camerons to make this kind of repairs on the building.  On the contrary it does give them the right (at the expiration of the lease) "to remove" any equipment installed by them.  We do not think it is reasonable to presume that the lessees would have a right to remove any part of the real estate when the lease expired.

(b)  Although, as appears from appellant's excellent brief, the governing rule has not always been clearly stated, we think the equitable rule, and therefore the better rule, is that appellee should be allowed to recover, in this case, on a quantum meruit basis.  In the case of *Coley* v. *Green,* 232 Ark. 289, 335 S.W. 2d 720, we find this statement:

"We come then to the difficult question as to the power of this Court to apportion the insurance proceeds on the basis of the repairs made.  The older cases hold that, when a special contract had been performed only in part, then there could be no recovery on a quantum meruit basis.  *Simpson* v. *McDonald,* 2 Ark. 370; *Manuel* v. *Campbell,* 3 Ark. 324.  But over the years there has been a constant tendency to find a way to prevent the working party from losing his entire outlay.  In *Selig* v. *Botts,* 128 Ark. 167, 193 S.W. 534, the Court in effect, divided the contract, and allowed recovery for the part that was performed; and in *Mitchell* v. *Caplinger,* 97 Ark. 278, 133 S.W. 1032, a contractor was

allowed part recovery even though the owner had to make further expenditures to complete the building.''

In Williston and Thompson, Revised Edition on Contracts, Section 1975, at page 948, this statement appears:

"One who works upon a building or other property under an indivisible contract with the owner, requiring him to complete a certain task or accomplish a certain result, cannot perform his full undertaking if the building or property in question is destroyed. He is excused from liability for his failure, because the contract required the continued existence of the building. Equally clearly he cannot sue the owner for loss of profit. If the destruction of the building was without fault on the part of the latter, he, as well as the workman, is excused from liability on the contract. But most American decisions allow recovery on a quantum meruit for the value of the work which had been done prior to the destruction.''

Here, the record also reflects that part of the heater system was not destroyed and was of some benefit to appellants.

*Two.* It is next contended by appellants that the court erred in its findings of fact and conclusion of law that appellee is entitled to a lien on the property of appellant. Again we find no reversible error. It has been made clear by this Court that if an owner authorizes a contractor to make improvements on his land and fails to pay for same, the contractor is entitled to a lien on said land to secure payment under Ark. Stat. Ann. § 51-601 (1947) et seq.

Section 51-601, in material parts, reads:

"Every mechanic, builder ... or other person who shall do or perform any work upon, or furnish

any material ... for any building, erection, improvement upon land ... under or by virtue of any contract with the owner ... shall have ... a lien upon such building ... and upon the land belonging to such owner ... "

Since, as we have already held, appellants authorized the improvements in this case, appellee is entitled to a lien on the improved property under the above quoted statute. See: *Whitcomb* v. *Gans*, 90 Ark. 469, 119 S.W. 676, and *Ark. Foundry Co.* v. *Farrell*, 238 Ark. 757, 385 S.W. 2d 26.

*Three.* At the close of the testimony appellee moved that its pleadings be amended "to conform with the proof in view of the proof that's been submitted". The trial court granted the motion, and appellants excepted to the ruling for the reason that appellee's complaint was based on a contract and it now seeks to recover on a quantum meruit basis. Again we are unable to agree because, we think, there is no showing that the trial court abused its discretion granted by statute. Ark. Stat. Ann. § 27-1160 (Repl. 1962), in part, provides:

"The Court may, at any time, in the furtherance of justice, and on such terms as may be proper, amend any pleading or proceedings by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting other allegations material to the case; or when the amendment does not change substantially the claim or defense, by conforming the pleadings or proceedings to the facts proved. The Court may likewise, in its discretion, allow an answer or reply to be made after the time limited by this code or by an order, enlarge such time."

See also: *Fuller et ux* v. *Fuller et ux*, 240 Ark. 475, 400 S.W. 2d 283, *Callahan* v. *Farm Equipment, Inc.*, 225

Ark. 547, 238 S.W. 2d 692, and; *Antrim* v. *McKelroy*, 229 Ark. 870, 319 S.W. 2d 209.

Finding no reversible error, the decree of the trial court is affirmed, and the cause is remanded for further required proceedings.

FOGLEMAN, J., dissents in part.

JOHN A. FOGLEMAN, Justice.    I agree with the majority so far as the opinion goes; however, I would remand the case to the trial court for a determination by that court of the correct amount for which appellee is entitled to judgment against appellant Bell and the amount for which he is entitled to a lien on the property.    As I read the briefs, appellant does challenge the correctness of the amount for which the trial court rendered judgment and granted a lien.

Appellants' first point is as stated in the majority opinion.    One of the court's findings of fact was that Carver was entitled to recovery on a quantum meruit basis $2,724.00.    The trial judge arrived at this amount by taking appellee's proposal for the completed job on the basis of his estimate substantially as follows:

| | | |
|---|---|---:|
| LABOR | | $1,291.00 |
| Shop built duct | $650.00 | |
| Prefabricated duct | 421.40 | |
| Grills & registers | 163.95 | |
| Duct insulation | 125.00 | |
| Furnaces (2); 10 ton cooling coil; 1 thermostat and 1 thermostat switch base | 594.65 | 1,955.00 |
| CONDENSING UNIT & CONNECTING PIPES | | 2,198.85 |
| | | $5,444.85 |

The trial judge deducted from the labor item fifty cents per man hour, leaving $1,119.00. The testimony of Carver was that he actually paid only $3.00 per hour, leaving a profit of seventy-five cents per hour on labor. The court made an allowance against this seventy-five cents per hour for supervisory expense. The trial judge also deducted $350.00 for the two furnaces removed from the building by Carver and which are useable, stating that Carver was willing to keep them. He deducted this $350.00 from the $1,955 item, leaving $1,605.00. This amount, with the balance he allowed for labor, makes up the total of $2,724.00.

I am unable to find anything in the record on which the deduction of $350.00 was based and I am also unable to find any evidence in the record of any allowance for duct work removed by Carver and retained by him which is useable.

Since these findings of fact relate to the judgment which the court based upon quantum meruit, I think that the appellant argued the question sufficiently to require our consideration. In addition to his statement on the point, he specifically states:

"For an added reason the decree is not supported by the findings of fact. Quantum meruit is measured by the value of the benefit bestowed upon the Defendant rather than the detriment incurred by the Plaintiff. *Dunn* v. *Phoenix Village, Inc., supra.* [213 F. Supp. 936 (D. C. Ark. 1963)]. Appellee failed to show benefit but consistently sought to prove his entitlements under the contract originally alleged, less that part remaining unperformed. The court did not make a finding of benefit to Appellant. It used the contract figures, including possible profits built into the contract prices. The court arbitrarily deducted Fifty Cents ($.50) per hour from the price of the labor as reflected on Plaintiff's exhibit #6 as profits from the labor. It deducted Three Hundred Fifty Dollars

($350.00) from the price of materials representing the value of furnaces which Appellee now has in his possession, again, arbitrarily. No proof was offered to this effect. Some of the work alleged must have gone into the installation of the furnaces. All of the work product is gone from the building. Appellant has none of the 'benefits' remaining in his possession.''

It thus appears to me that appellee failed to meet his burden of proof for recovery on quantum meruit. According to the weight of authority, the measure of recovery under the circumstances prevailing here is the reasonable value of labor performed and material furnished. See, Anno., 170 ALR 980. Evidence of the contractor's estimates may be admissible as having some bearing on the recoverable values, but I do not feel that the evidence offered here is sufficient.

While there is testimony by Carver that he had approximately 18% overhead costs that had to be borne by labor, the relationship of this to the reasonable value of labor and materials does not appear. Furthermore, at different times, Carver, admitting that he took into consideration a reasonable profit on the job, testified that a reasonable profit would be 25%, but he later testified that he should have 10% profit. While profits might reasonably be considered along with evidence going to the question of reasonable value of labor and materials for the basis of recovery against Bell, still there can be no lien for profits. *Withrow* v. *Wright,* 215 Ark. 654, 222 S.W. 2d 809; *Cook* v. *Moore,* 152 Ark. 590, 239 S.W. 750.

I feel that we are in somewhat the same position in which the court found itself in *Withrow* v. *Wright, supra,* where the case was remanded for a determination by the trial court of the amount for which a claimant was entitled to a lien. I would follow that precedent in this case.