FITZGERALD *v.* LA PORTE.

Opinion delivered April 17, 1897.

CONTRACT TO DO WORK—DEGREE OF SKILL REQUIRED.—One who contracts to do certain work in a "good and workmanlike manner" will be held, in the absence of any proof attaching a peculiar meaning to the phrase quoted, to have contracted to do the work in a manner generally considered skillful by those capable of judging such work. (Page 36.)

SAME—SUFFICIENCY OF COMPLIANCE—ACCEPTANCE.—Where work has been done substantially in compliance with the terms of a contract, or there has been an acceptance of the work by the contractee, the contractor may, notwithstanding defects therein, recover the contract price, less the cost of correcting such defects. (Page 38.)

TRIAL—QUESTION OF FACT.—Whether work has been done substantially in accordance with the terms of a contract is a question for the jury to determine from a consideration of the nature and object of the work and other facts in proof. (Page 38.)

CONTRACT FOR WORK—ACCEPTANCE.—The fact that the owner of a building continues to use it is not necessarily an acceptance of work done upon it under contract. (Page 38.)

Appeal from Pulaski Circuit Court, Second Division.

JOSEPH W. MARTIN, Judge.

### STATEMENT BY THE COURT.

This action was brought in a justice's court by appellee, William La Porte, against Edward Fitzgerald and J. F. Callaghan, to recover a balance claimed to be due for work and labor performed under contract. La Porte agreed with the appellants to lay the tiling and do the marble work in St. Andrews' Cathedral, at Little Rock, for a price named, the work to be performed in a "good and workmanlike manner." The defense to the claim was that the work was not done in accordance with the contract.

On the trial, plaintiff testified that the work was performed in a skillful and workmanlike manner. "There may be," he said, "some slight defects in the work, but they are such as cannot be avoided, and will be found in the best jobs." He also introduced other evidence tending to show that the work was done skilfully and in accordance with the contract. The defendants introduced testimony tending to show that in 1891 the interior of the cathedral was being finished and fixed up in a very elegant and expensive style; that La Porte bid for the tile and marble work; that, before his bid was accepted, he was notified that "nice work" was desired. He replied that he was competent to do the work, and upon that assurance his bid was accepted. The defendants introduced further testimony tending to show that La Porte did not comply with his contract; that the tiling was laid unevenly with crooked lines and bad joints. There was also testimony tending to show that the tiling which plaintiff contracted to lay was made to be laid in accordance with a pattern, and that the pattern was a rather difficult one to lay properly; that there was no one in Little Rock capable

of doing the work in a first-class manner; that La Porte was as good as the average tile layer of Little Rock, but that he did not possess the skill required of those who followed such work in larger cities where there was more demand for skillful work; that there was no great demand for such work here, and no one possessed of great skill in such work.

The presiding judge instructed the jury in part as follows: "This is a suit based on a written contract, as follows: 'I will do the setting of the tiling at the Catholic Church, furnishing all material except tiling and carpenter work, for 35 cents per square foot, in a good and workmanlike manner.' The words, 'in a good and workmanlike manner,' are to be construed in their usual and ordinary acceptance among skilled workmen in the community where the contract is made and to be performed, considering all the surrounding circumstances and the character of the work to be done under the contract."

There was a verdict and judgment for plaintiff.

*Ashley Cockrill*, for appellant.

The criterion by which plaintiff's skill was to be judged was the skill of those who hold themselves out *generally* to do the kind of work in question, and the court erred in charging that the skill required was only such as is found in the locality where the work is done. Ewell, Malpractice, p. 21; Wood, Master & Servant, p. 311; 3 Houst. (Del.) 35; 29 Atl. Rep. 1117; 51 Me. 594; 4 Sneed (Tenn.), 65; 39 Vt. 447; 34 Ia. 286; *ib.* 300; 1 Swan (Tenn.), 69; 8 East, 350.

*F. M. Fulk*, for appellee.

RIDDICK, J., (after stating the facts.) We are of the opinion that the judgment of the circuit court should be reversed.

The evidence is conflicting and sufficient to support the verdict, but there appears to be an error in the instruction of the presiding judge, calculated in this case to mislead the jury. The appellee contracted that he would perform the work for the price of which he sues in "a good and workmanlike manner." The learned judge of the circuit court instructed the jury that these words "were to be construed in their usual and ordinary

acceptance among skilled workmen in the community where the contract was made and to be performed." He refused to give an instruction to the effect that the jury, in determining whether the work was skillfully done, should not take as a "basis the skill of those performing such labor in any particular locality, but the skill of those who hold themselves out generally to do the work in question." Now, there was evidence tending to show that there were no skilled tile-layers in this community; that, although the work in question was done as well as such work was usually done here, yet that it was to a large extent defective, and did not follow the pattern after which it was designed to be laid.

The appellee was notified that "nice work" was expected. He saw the pattern that he was expected to follow, and then professed himself as competent to do the work, and expressly agreed that he would do it in a " good and workmanlike manner." These are words of general use and well-defined meaning. They meant in substance that appellee would do the work as a skilled workman should do it. We do not think that the appellee can now be allowed to say that, although he agreed without qualification to lay the tiling in a good and workmanlike manner, yet that he meant only that he would perform the work in a manner considered good and workmanlike by the local tile layers of this community. It was not so stated in the contract.

If there was an established custom in the community to attach a peculiar meaning to the words used in the contract, then it might be presumed that the parties used the words with the intention to convey such meaning; but there is no evidence of such a custom, and to hold that the appellants are bound by the meaning usually placed upon such words by local workmen might impose upon them a contract which they did not make. *Cook* v. *Hawkins*, 54 Ark. 423; *Corcoran* v. *Chess*, 131 Pa. St. 356.

It is true that, in determining the question whether the work was skilfully done, the jury may be largely governed by the testimony of the local tile-layers, builders and architects, for it is probable that these, on account of their accessibility, will be called as witnesses; but the question to be determined

is not whether the work was done in a manner considered skillful by the workmen of this community only, but whether it was done in a manner generally considered skillful by those capable of correctly judging such work, whether here or elsewhere.

Most of the instructions asked by the appellants seem to be based on the theory that if the work was defectively done, the plaintiff could recover nothing. When the work has been done substantially in accordance with the terms of the contract, or when there has been an acceptance of the work by the defendant, the plaintiff may, notwithstanding defects therein, recover the contract price, less the costs of correcting such defects. *Nolan* v. *Whitney*, 88 N. Y. 648. Lloyd's Law of Building, § 29. And whether the work has been done substantially in accordance with the contract is a question for the jury to determine, from a consideration of the nature and object of the work and other facts in proof. If one of the objects in having the work done was the ornamentation of the cathedral, and if, in order to accomplish this purpose, the plaintiff contracted with defendants to lay the tiles furnished him by defendant according to a certain pattern, then, in order to recover, he must show that in laying the tile he substantially followed such pattern; otherwise he has not performed his contract, and cannot recover, unless the defendants have assented to such variation, or accepted the work; and it does not necessarily follow, because defendants have continued to use the cathedral where the tiling is laid, that they have accepted the work, for the law is not so unreasonable as to require them to abandon the building in order to reject the work.

For the error indicated, the judgment is reversed, and a new trial granted.