ROSEBURR *v.* McDANIEL.

Opinion delivered January 31, 1921.

1. MECHANICS' LIEN—EVIDENCE.—In a suit to enforce a mechanics' lien on a house built for defendant, evidence *held* to sustain a finding for plaintiff.

2. MECHANICS' LIEN—PERFORMANCE OF CONTRACT.—Where a building contract was substantially performed, though there are omissions and deviations therefrom, if such defects do not impair the structure as a whole and are remediable without doing material damage to other parts of the building in tearing down and reconstructing or may, without injustice, be compensated by deductions from the contract price, there may be a recovery for the amount found due after making such deductions.

3. APPEAL AND ERROR—QUESTION NOT RAISED BELOW.—In a suit to enforce a mechanics' lien, the objection that there was no proof that the lien was claimed in the manner provided by Crawford & Moses' Digest, § 6922, can not be raised for the first time on appeal.

Appeal from Conway Chancery Court; *Jordan Sellers,* Chancellor; affirmed.

*Strait & Strait,* for appellant.

We recognize the rule that a contractor who has contracted to erect a building and who has substantially complied with the plans agreed upon is entitled to recover the contract price, less material, unauthorized changes made, or the difference in value of the work done according to the original plans and specifications. The rule applies where the omissions or defects were not intentionally or deliberately made through bad faith. This is an exception to the rule, as McDaniel, by his own statement, showed a wilful intent not to perform the contract in its entirety.

One who holds himself out as a workman impliedly covenants that he will do the work contracted for in a skillful manner. 3 Ark. 324; 4 *Id*. 523. One who undertakes to do certain work for a fixed compensation can not sue for compensation until he has done the work. 3 Ark. 324. A contract must be performed according to the terms of the agreement before a party has any right of action. 28 Am. Dec. 336; 89 *Id*. 381; 6 R. C. L., par. 331; 17 L. R. A. (N. S.) 231. Where the defects in the work are intentional and not the result of an attempt in good faith to perform the contract, the rule of substantial compliance can not be invoked. 24 L. R. A. (N. S.), p. 327, notes. See, also, 102 Ark. 152; 64 *Id*. 34. The chancellor erred in his findings as to a substantial compliance with the contract. No claim for lien was ever filed with the clerk. Appellee was not entitled to recover on a *quantum meruit* or upon the principle of substantial compliance.

*J. W. Johnston,* for appellee.

1. The testimony shows that no part of the work was omitted and only one small defect. The work was *substantially done* in compliance with the contract, and appellee was entitled to recover the contract price, less the cost of defects. 79 Ark. 278, 506; 9 Cyc. 603.

2. Whether there was a substantial compliance or not was a question of fact for the court. Appellant did not raise the issue, and it is too late to raise it here for the first time. 64 Ark. 305; 80 *Id*. 384; 82 *Id*. 260.

3. The findings are sustained by the evidence.

McCULLOCH, C. J. Appellee is a carpenter by trade and built a house for appellant on the latter's land, under contract for a price to be paid in the sum of eighty-five dollars. The house was constructed, and appellant paid $20 on the price, and this is a suit in chancery instituted by appellee to recover the balance of $65 alleged to be due, and to enforce a lien on the premises.

Appellant alleged in the answer that the house was not constructed in accordance with the contract. He alleged that the roof and gutters were defective, and that it would cost $40 to repair the defects; that appellee had failed to construct a stairway in accordance with the terms of the contract, and that it would cost an additional sum of $10 to construct same; that appellee had failed to construct a partition for the rooms upstairs, which would cost $50 to do; and that certain other finishing would cost ten dollars.

The issues thus raised by the answer were tried before the chancellor on oral testimony which was conflicting. The testimony introduced by appellant tended to show that the house was not constructed in accordance with the contract; that no partition was built to divide the two rooms upstairs, and that the tin work in the valleys and roof was poorly constructed, and that appellee also failed to build a stairway in accordance with the terms of the contract. On the other hand, the testimony introduced by appellee showed that the house was constructed in accordance with the contract, with the exception of certain unimportant and inexpensive details. Appellee testified himself that the contract did not call for the construction of a stairway nor for the construction of a partition wall between the upstairs rooms. There was also other testimony tending to show that the defect in the roof was very slight and could be remedied at a very small expense. The court allowed a credit to appellant for the sum of $10 to cover the cost of repairing the defects and rendered a decree for the balance claimed by appellee. The finding of the chancellor is not against the preponderance of the evidence.

The rule established by decisions of this court is that where a building contract is substantially performed, even though there are omissions and deviations therefrom, if such defects do not impair the structure as a whole and are remediable "without doing material damage to other parts of the building in tearing down

and reconstructing, and may without injustice be compensated by deductions from the contract price," there may be a recovery for the amount found due after making such deductions. *Mitchell* v. *Caplinger,* 97 Ark. 278; *Fitzgerald* v. *La Porte,* 64 Ark. 34.

It is also contended that there was no proof that the lien was claimed in the manner provided by statute (Crawford & Moses' Digest, § 6922), but that question is raised here for the first time and can not now be taken advantage of. It was alleged in the complaint that the account was duly filed as required by statute, and that a copy of same was exhibited with the complaint. The answer does not contain any denial in regard to the filing of the lien. Therefore, the question is not raised for decision. *Whitcomb* v. *Gans,* 90 Ark. 469.

Decree affirmed.