HIGHLANDS INSURANCE Company of
Texas *v.* WILLIAM BURRIS MASONRY
CONTRACTORS, Inc.

75-92                                                  528 S.W. 2d 405

Opinion delivered October 20, 1975

*Wright, Lindsey & Jennings,* for appellant.

*James R. Howard,* for appellee.

FRANK HOLT, Justice. The appellant is the surety on the payment and performance bonds for a prime contractor on construction projects for the Little Rock Municipal Water Works and the Mountain Pine School District. The prime contractor was adjudicated bankrupt and appellant undertook full responsibility for completion of the projects pursuant to its performance bonds. The appellee was the masonry subcontractor for the prime contractor on both jobs. Appellee instituted this action to recover the $8,553.66 balance on the full contract price ($44,300) of the Water Works project and the $9,117 balance of the full contract price ($53,117) on the Mountain Pine project, or a total of $17,670.66, plus a 12% statutory penalty and a reasonable attorney's fee. In other words, it was appellee's position that he had fully complied with the contract and was entitled to the balance which would constitute full payment. By appropriate pleadings, appellant controverted appellee's action.

The trial court, sitting as a jury, resolved the issues and awarded appellee the full balance allegedly due on the contract, plus the 12% penalty and attorney's fee. The court found the amount of incompleted work by appellee subcontractor on both projects was "fairly negligible;" appellee "has not only been willing but has done everything he has been asked to do;" and appellant had "waived any right to complain about" any unfinished work since it had not asked appellee to perform. However, the court noted concern about the "final payment" contract provisions because "the prime contractor won't be liable to pay the subcontractor the last Ten Percent **** until the prime contractor receives final payment." The court then concluded that it was the prime contractor's and not the subcontractor's fault that the final payment had not been made.

For reversal the appellant contends there was no substantial evidence to support the court's finding that the appellee subcontractor was entitled to the full amount for which he sued. We agree because the appellee subcontractor had not completely fulfilled his contracts. He testified that unless he was furnished a "punch list" showing the architect's requirements, he considered his contracts completed. However, he testified further that the architect had

acquainted him with imperfections of his work on both projects and that he, appellee, had indicated he "would take care of it." He estimated that it would cost $200 to $300 to complete his "work" on the Water Works project and "on the Mountain Pine, I don't know what work they are wanting me to do, so I can't say."

Viewing the evidence, as we must do on appeal in the light most favorable to the appellee, we must hold the evidence is insubstantial to support a finding for the full balance due on the terms of the contracts. However, there is sufficient evidence, based upon a fact issue, which "is not disputed" by appellant, that the appellee has substantially complied with the terms of his contracts. In such a situation, we have said:

> When the work has been done substantially in accordance with the terms of the contract, or when there has been an acceptance of the work by the defendant, the plaintiff may, notwithstanding defects therein, recover the contract price, less the costs of correcting such defects.

*Fitzgerald* v. *La Porte,* 64 Ark. 34, 40 S.W. 261 (1897); *Thomas* v. *Jackson,* 105 Ark. 353, 151 S.W. 521 (1912); and *Roseburr* v. *McDaniel,* 147 Ark. 203, 227 S.W. 397 (1921). 13 Am. Jur. 2d., Building and Construction Contracts, § 41, reads in part:

> A provision in the contract that the last payment for the work is to be made when the work is completed does not take the case out of the rule.

In the case at bar, the appellee admitted that it would cost $200 to $300 to complete his subcontract on the Water Works project. He could not say what it would cost on the Mountain Pine job. On the latter project, the appellant's estimate of $831 is uncontradicted. Therefore, the total cost for the completion of both projects would be $1,031 when viewed most favorably to the appellee.

We find no merit in appellant's contention that until it

receives final payment it is not obligated to pay appellee. The evidence viewed most favorably to the appellee is that he had substantially discharged all of his obligations as a subcontractor; in fact, "it is not disputed" by the appellant that the appellee had "substantially" completed his work; delay was caused when the prime contractor became bankrupt because of "mismanagement," requiring the appellant to perform the prime contractor's responsibilities; only minor corrections remain to be done on the buildings; they are occupied by the owners; the appellee subcontractor is willing to complete his work "without delay" on each project; and, as indicated, the cost of correcting any defects is small in comparison to the total contract price. In these circumstances, we agree with the trial court that it is not the subcontractor's fault that the final payment has not been made to the appellant.

We find no merit in appellant's contention that the court erred in excluding testimony with respect to the custom of the trade where a contractor charges back against his subcontractor for damages incurred because of the subcontractor's delay in performance. A sufficient answer is, as the trial court found, that the written contracts contained no such provision. To the contrary, the contracts specifically provided that the prime contractor has the right to employ others, after notice to the subcontractor, to prevent any material delay due to the subcontractor and charge the cost to the subcontractor's account.

The appellant asserts the court erred in awarding a statutory penalty and an attorney's fee. It is well established that the plaintiff must recover the amount for which he sues in order to come within the purview of Ark. Stat. Ann. § 66-3229 (Repl. 1966). *Fidelity Phenix Fire Ins. Co.* v. *Roth,* 164 Ark. 608, 262 S.W. 643 (1924); and *Smith* v. *U.S.F. & G. Co.,* 239 Ark. 984, 395 S.W. 2d 749 (1965). In the case at bar, as discussed, the appellee has not recovered the full amount sought and, therefore, is precluded from invoking the terms of this statute.

In accordance with our foregoing discussion, if appellee offers a remittitur of $1,031 plus the statutory penalty and attorney's fee to appellant within seventeen calendar days, the

judgment, so reduced, is affirmed. Otherwise, it is reversed and remanded.

Affirmed as modified.