**SEPPALA & AHO–SPEAR ASSOCIATES and Seppala & Aho Construction Co., Inc.**

**v.**

**WESTBROOK GARDENS.**

Supreme Judicial Court of Maine.

July 3, 1978.

Preti & Flaherty by Joel C. Martin (orally), Gerald Petruccelli, Portland, for plaintiff.

Hale & Dorr by Robert E. Fast, Boston, Mass. (orally), Pierce, Atwood, Scribner, Allen, Smith & Lancaster by Ernest J. Babcock, Jotham D. Pierce, Jr., Ralph I. Lancaster, Jr., Portland, for defendant.

Before POMEROY, WERNICK, ARCHIBALD, DELAHANTY, GODFREY and NICHOLS, JJ.

WERNICK, Justice.

On January 15, 1976 plaintiff Seppala & Aho-Spear Associates filed in the Superior Court (Cumberland County) an application to vacate an award of arbitrators holding said plaintiff liable to pay to defendant Westbrook Gardens damages for breach of contract. Subsequently, the arbitrators' award was corrected to designate the other plaintiff herein, Seppala & Aho Construction Co., Inc., as the party liable to pay the damages. Plaintiff Seppala & Aho Construction Co., Inc. then filed application to the Superior Court to vacate the corrected award of the arbitrators. In the meantime, defendant Westbrook Gardens had filed an application for confirmation of the corrected award. The Superior Court Justice consolidated the application for confirmation with the application of each plaintiff to vacate. After a hearing on the applications as thus consolidated, the Justice, on April 5, 1977, ordered entry of judgment (1) denying the application of plaintiff Seppala & Aho Construction Co., Inc. to vacate the corrected award; (2) granting defendant's application to confirm the corrected award; and (3) dismissing as moot the application of the plaintiff Seppala & Aho-Spear Associates to vacate the initial award.

Although each plaintiff has appealed, no issue is raised on appeal regarding the propriety of the correction of the arbitrators' award to make the plaintiff Seppala & Aho Construction Co., Inc., the party liable to pay damages to defendant. We therefore treat that plaintiff (hereinafter designated "Construction Co.") as the appellant.

We deny the appeal.

The claims involved in the arbitration arose under a contract for the construction of a housing facility in Westbrook. Before this contract came into being, Construction Co. and one L. William Spear, on March 23, 1971, established a joint venture under the name "Seppala & Aho-Spear Associates." The joint venture was formed to become party to the construction contract here involved which was actually executed with the defendant Westbrook Gardens later in the day on March 23, 1971. Defendant Westbrook Gardens is a limited partnership in which the aforesaid L. William Spear is a general partner. Under the construction contract Construction Co. agreed to build a housing project in Westbrook, to be known as "Westbrook Gardens", in accordance with drawn specifications and terms contained in the contract. The target date for completion was fixed as December 8, 1972, but defendant subsequently agreed to an extension until June 22, 1973 to allow for the completion of the work as well as the correction of various deficiencies.

For the purposes of this appeal, a critical provision of the construction contract is the "liquidated damages" clause, reading as follows:

"If the work is not substantially completed in accordance with the Drawings and Specifications, including any authorized changes, by the date specified above, or by such date to which the contract time may be extended, the maximum sum stated . . . [of cash payable by the Owner to the Contractor] shall be reduced by $513.64 as liquidated damages, for each day of delay until the date of substantial completion. The total of any such liquidated damages shall be reduced by an amount equal to the project's net operating income (as defined and determined by the Commissioner) for the period upon which liquidated damages are based."

The contract defined the "date of substantial completion" as

> "the date the FHA Chief Underwriter signs the final Project Inspection Report (FHA Form No. 2449)."

The contract also contained a clause requiring arbitration of

> "[a]ll claims, disputes and other matters in question arising out of, or relating to, this Contract or the breach thereof."

It was pursuant to this clause that the arbitration proceedings here involved were held, arbitration having been invoked in the first instance against defendant Westbrook Gardens. Defendant, in turn, asserted its own claim asking the arbitrators to award it damages for various breaches of the construction contract in the total amount of $574,510.49. These total damages comprised one claim, designated by defendant as a "construction" claim, for $342,079.38 and another, designated a "financial" claim, for $232,431.11. The "construction" claim related to amounts expended to correct plaintiff's construction work, whereas the "financial" claim was said to involve a Casco Bank Financing Fee Penalty, a GNMAE Commitment Fee Extension, a Subsidy Differential and Consultation and Legal Fees.

The arbitrators awarded damages to defendant in the amount of $420,209.65. Construction Co. contends that this award must be set aside because the arbitrators could have arrived at it only by acting in excess of their powers.[1] The argument is that since the defendant itself had specified its "construction" claim as being for $342,079.38, the balance of the arbitrational award—$78,130.27—must have been the damages as to defendant's "financial" claim and, as such, was for "each day of delay until the date of substantial completion." Thus, says Construction Co., the $78,130.27 was within the ambit of the liquidated damages clause, and, as covered by that clause, was in violation of the limitation it imposed.

The Justice presiding in the Superior Court rejected the position of Construction Co. on the ground that:

> "[t]he court has no way of determining whether the award included damages for delay which are within the ambit of the liquidated damages clause. The court must assume the arbitrators were faithful to their obligation absent some clear showing of a violation of that obligation."

We find no error in this conclusion.

Construction Co., as we have already stated, argues on the premise that because defendant had specified the amount of its "construction" claim as being $342,079.38, the arbitrators must have found that no greater amount was due under the "construction" claim. On this basis, Construction Co. maintains that the amount awarded by the arbitrators in excess of $342,079.38—i. e., $78,130.27—was awarded on defendant's "financial" claim.

The premise of Construction Co.'s argument, however, is erroneous. That defendant had indicated an amount for its "construction" claim did not limit the arbitrators in their determinations of the amount justified by the evidence as properly to be awarded on the "construction" claim. Thus, if the arbitrators were satisfied on the evidence presented that the defendant should be given a larger amount in relation to its "construction" claim than defendant itself had indicated, it was within the authority of the arbitrators to make such award.

This being so, Construction Co. can succeed in its undertaking to vacate the corrected award only by showing what amount, if any, the arbitrators *actually* awarded,—or were *required* by the evidence before them to award,—in specific relation to the "financial" claim, as distinguished from the "construction" claim.

As to this, Construction Co., as the "...  party who attacks the correct-

---

[1]. Under 14 M.R.S.A. § 5938(1)(C) a court upon application of a party shall vacate an arbitration award where "[t]he arbitrators exceeded their powers." See *Board of Directors of*

*Maine School Administrative District No. 75 v. Merrymeeting Educators' Association*, Me., 354 A.2d 169 (1976).

ness of . . . [the] award [of the arbitrators]", bears the ultimate burden of proof. *R. C. Audette & Sons, Inc. v. LaRochelle,* Me., 373 A.2d 1226, 1228 (1977). We find nothing in the record to indicate that the presiding Justice was plainly wrong in concluding that he had

> "no way of determining whether the award included damages for delay which are within the ambit of the liquidated damages clause",

and thus that Construction Co. had failed to meet the burden of proof reposing on it.

We are fortified in this decision by the broad scope of the arbitration clause in the instant contract. It gave the arbitrators authority to decide both the meaning and the applicability of the "liquidated damages" clause. Nothing appears of record to show that the arbitrators interpreted, or applied, the "liquidated damages" clause, in relation to the evidence before them, arbitrarily or irrationally. Accordingly, there is here no basis for a court to disturb the decision of the arbitrators. *Mogge v. District 8 Int'l Ass'n of Machinists,* 454 F.2d 510 (7th Cir. 1971); *University of Alaska v. Modern Construction, Inc.,* 522 P.2d 1132 (Alaska 1974).

The entry is:

Appeal denied.

Judgment affirmed.

McKUSICK, C. J., did not sit.