Chester D. PHILLIPS *v.* BEN M. HOGAN
COMPANY, INC. and THE TRAVELERS
INDEMNITY COMPANY

CA 79-114. 594 S.W. 2d 39

Opinion delivered January 23, 1980
Rehearing denied February 13, 1980
Released for publication February 13, 1980

*Cearley, Gitchel, Bogard, Mitchell & Bryant, P.A.,* for appellant.

*Friday, Eldredge & Clark,* by: *John Dewey Watson,* for appellees.

GEORGE HOWARD, JR., Judge. This appeal is from a judgment of the trial court, sitting without a jury, finding:

1. The liquidated damages provision in a contract for the construction of a land subdivision project, providing that the contractor shall pay the sum of $100.00 for each working day of delay until the work is completed, was valid.

2. While the project was not completed on the scheduled date, November 6, 1977, the job was substantially completed on December 7, 1977.

3. The retainage held by the appellant, in accordance with the contract, of $4,320.00 shall be charged with $2,600.00 (as liquidated damages) and a judgment rendered in favor of the contractor for $1,720.00, including interest from the date of the contractor's counterclaim at the rate of 6% per annum until the date of judgment and from the date of judgment until paid at the rate of 10% per annum.

While the facts are essentially undisputed, the following is a summary of the relevant facts for an understanding of the issues tendered for resolution:

On August 1, 1977, appellant, the owner, and appellee, as contractor, entered into a contract whereby appellant agreed to pay appellee $108,005.95 for work on a parcel of land that appellant was developing as Normanwood Subdivision. The work included, among other things, grading, asphalting, drainage, water and sewer improvements.[1]

Under the terms of the contract, the project was to be completed ninety calendar days after construction began. Appellee commenced work on August 9, 1977, and, con-

---

[1] Appellant is a professional engineer. He prepared the plans, specifications and contract. Appellee was the lowest bidder and was awarded the contract for the job.

sequently, the scheduled completion date was November 6, 1977.

The contract contained a liquidated damages clause which provided that the contractor shall pay the owner $100.00 for each working day of delay until the work was completed or accepted.

Appellant contends that the project was not finally accepted until April 24, 1978, aggregating a total of 144 working days of delay and, accordingly, instituted his action for damages of $14,400.00.

Appellee claimed in its response that while the project was completed and accepted in accordance with the terms of the contract, appellant has refused to make the final payment of $4,320.00, and accordingly, requested judgment against the appellent for the retainage.

For reversal, appellant asserts a novel argument. Quoting from appellant's brief, appellant's contention is:

> It is appellant's position that the Court erred in so limiting the award of damages to only the sum accumulated up to December 7, 1977, because where there is a valid provision in a contract specifying liquidated damages, along with a breach of contract which triggers the accumulation of those liquidated damages, the date of 'substantial performance', if there is 'substantial performance', is irrelevant to the accumulation of those liquidated damages. [According to Appellee's own records 18.9% of the total man hours occurred after the agreed time for completion and 4.8% occured after December 7, 1977.]

Appellee, on the other hand, in pressing its cross-appeal from the judgment of the trial court, contends that the trial court erred in holding the liquidated damages provision valid; that the provision for payment of $100.00 for each working day of delay is void as a matter of law inasmuch as the stipulated figure is disproportionate to any actual damages sustained by the appellant.

It is settled in this State that where the damages for breach of a contract are by their nature uncertain and difficult to determine, the amount to be paid, in the event there is a breach, may be stipulated to by the parties. However, the stipulated sum will be regarded as a penalty if the sum agreed to exceeds the measure of just compensation and the actual damages sustained are capable of proof. Moreover, the question whether the damages are difficult of proof is one to be determined from a consideration of the status of the parties at the time the contract is executed and not at the time of the breach. *Nilson* v. *Jonesboro,* 57 Ark. 168, 20 S.W. 1093 (1893); *Blackwood* v. *Liebke,* 87 Ark. 545, 113 S.W. 210 (1908); *Hall* v. *Weeks,* 214 Ark. 703, 217 S.W. 2d 828 (1949); *Smith* v. *Dixon,* 238 Ark. 1018, 386 S.W. 2d 244 (1965).

In *Hall* v. *Weeks,* supra, our Supreme Court stated:

The general rule governing liquidated damages is that an agreement in advance of breach will be enforced if the sum named is a reasonable forecast of just compensation for the injury, if the harm is difficult or incapable of accurate estimation.

A valid provision for liquidated damages for a delay in performance of the contract will be enforced where the performance under the contract has not been completed on time. However, where a construction contract is substantially performed within the time limit, delay in the completion of minor details which does not cause material damage to the project will not subject the builder to liquidated damages. 25 C.J.S. § 115 Damages, page 1093; *Roseburr* v. *McDaniel,* 147 Ark. 203, 227 S.W. 397 (1921).

In *Roseburr* v. *McDaniel,* supra, the Court said:

The rule established by decisions of this court is that where a building contract is substantially performed, even though there are omissions and deviations therefrom, if such defects do not impair the structure as a whole and are remediable 'without doing material damage to other parts of the building in tearing down and reconstructing, and may without injustice be compensated by deductions from the contract price,' there

may be a recovery for the amount found due after making such deductions.

In *Osborne* v. *Sutter,* 143 Ark. 297, 22 S.W. 481 (1920), the contract provided that the work should be completed within 150 working days; and liquidated damages was stipulated to the extent of $10.00 per day for that time in excess of the scheduled completion date. The contractor consumed 390 days in the construction of the project. The trial court found that the delay resulted from causes beyond the contractor's control which were not within the contemplation of the parties. The court held that the contractor should not be charged with the damages claimed by the owner.

The Arkansas Supreme Court in affirming the trial court's conclusion that the liquidating damages clause was inoperative inasmuch as the project was substantially completed, held that the trial court's holding was supported by a preponderance of the evidence.

Whether a construction project has been substantially completed presents a question of fact to be resolved by the fact finders. *Osborne* v. *Sutter,* supra.

We believe that the liquidated damages provision contained in the contract is not a penalty. The uncertainty of the risk taken by appellant in commencing construction of his land development project in late summer, which obviously would extend into the fall months, justifies a conclusion that each party recognized the possibility that the owner would sustain a substantial loss in the event the project was not completed before winter. The variation and uncertainty of the impact of inflation as an element in the cost of construction affords a basis for finding that there is a reasonable relationship between the stipulated damages of $100.00 per day and the overall cost of the project. We do not consider the stipulated figure as extravagant or disproportionate to the construction cost.

Appellant, during oral argument, admitted that the project was substantially completed on December 7, 1977, and

argues strenuously that his case was not predicated on omissions, but was one essentially for damages for delay. Appellant has not cited any Arkansas authority in support of the argument, nor have we found any.

The rule "substantial performance", which the trial court invoked in resolving this controversy, permits an equitable solution to a controversy where the contractor has tried in good faith to follow the terms of the contract, but is prevented from doing so because of conditions occurring beyond his control or not contemplated by the parties. An owner who has realized special damages after the project has been substantially completed is not precluded from seeking relief even though he may be entitled to stipulated damages. *Smith* v. *Dixon,* 238 Ark. 1019, 386 S.W. 2d 244 (1965). Appellant in the instant case did not seek special damages.

Appellant testified that the force of his complaint, relating to the noncompletion of the project, was that a drainage ditch was not constructed according to the grade that is shown on the plans, but did not prevent him from selling lots in full view of the ditch; that as late as April, 1978, appellee was required to patch the asphalt streets and finish the headwalls — a concrete structure designed to prevent erosion of the foundation supporting drainage pipes.

However, the record discloses that 18.9% of the total man hours expended on the project occurred after the scheduled completion date and 4.8% occurred after December 7, 1977; that the Engineering Department of the City of Little Rock inspected and approved the project on December 7, 1977. Appellant also testified that on December 30, 1977, he signed an offer and acceptance for the sale of a lot containing the following provision:

Seller warrants that all utilities are installed to each lot line and are adequate. Seller warrants that subdivision has been approved by FHA and/or VA, and that the City of Little Rock has accepted all utilities.

We are convinced that the holding of the trial court is supported by substantial evidence.

Affirmed.

HAYS, J., not participating.

PENIX, J., dissents.

MARIAN F. PENIX, Judge, dissenting. It is my belief the trial court altered the terms of the contract by limiting the award of liquidated damages to a date before full completion of the terms of the contract. This is error.

The court found the liquidated damages provision to be a valid one. This being the case the court's arbitrary finding that the liquidated damages of $100 per day ceased to accumulate December 7, 1977, was nothing less than an alteration of the contract. These parties bargained and knowingly entered into an agreement, the terms of which were clear and unambiguous. One of the bargained-for terms was that the work would be *fully* completed within 90 days. Testimony indicates the need for this 90 day term was to insure the work would be completed before the winter rains.

Liquidated damages are enforceable when they are provided for to compensate for damages which will be difficult to ascertain if the contract is breached, and thereby prevent a controversy between the parties as to the amount.

This liquidated damages clause was triggered not by lack of substantial performance, but rather by the failure to *complete* the work within the agreed upon time frame.

The doctrine of substantial completion is applicable in situations where the contractor fails too finish the job. It is used as a means to determine damages. In this case the contract was fully performed, but in an untimely manner. Performance was completed but not by the agreed upon date. It was not completed *within 90 days*. The parties had provided the measure to be used to determine compensation due the appellant in the event the appellee failed to perform within 90 days.

I see no reason for the court to alter the terms of a

contract which were agreed to by knowledgeable, experienced business persons.

Therefore, I respectfully dissent.